This is an appeal from a judgment of the Juvenile Court of Colbert County in a child custody case.
On January 18, 1982 the maternal grandparents, W.D. Cornelius and wife, Bernice, filed a petition in the Colbert County District Court sitting as a juvenile court seeking custody of their minor grandchildren, Gregory B. Hicks and Allison D. Hicks. The children's parents had been killed in an automobile accident. The paternal grandparents, Glenn E. Hicks and Anna Hicks, opposed the custody request. On October 22, 1982, after a final hearing, permanent custody of the children was given to the Corneliuses. No appeal from this decision.
On June 16, 1983 the Hickses filed a modification petition seeking custody of their grandchildren. After a hearing the request for modification of the children's custody was denied on August 12, 1983. On August 25, 1983 the Hickses filed a motion for rehearing or a new trial. On September 14, 1983 the juvenile court denied the motion. The Hickses filed notice of appeal on September 27, 1983.
The Corneliuses have filed a motion to dismiss the appeal on the ground that the appeal was not taken within the required time periods and is therefore late.
Section 12-15-2, Code 1975, provides in part as follows: "(c) The supreme court shall promulgate rules governing procedure in the juvenile court." The Alabama Rules of Juvenile Procedure do not provide a specific rule for the time periods which would apply to posttrial motion practice. However, rule 1, A.R.J.P., provides: "If no procedure is specifically provided in these rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to the extent not inconsistent herewith." The Comment to rule 1 states in part:
 "Because juvenile jurisdiction may be exercised by district courts as well as circuit courts, the Alabama Rules of Civil Procedure referred to in Rule 1 contemplates said rules as modified for applicability in the district courts where juvenile jurisdiction is exercised at the district court level."
The Corneliuses argue that the motion for rehearing was denied by operation of rule 59.1 (dc), Alabama Rules of Civil Procedure, on September 8, 1983 and that the time for appeal began to run on this date rather than September 14, 1983, the date on which the trial court overruled the motion.
Rule 59.1 (dc), A.R.Civ.P., provides as follows: "Rule 59.1 applies in the district courts except that the time period of 90 days is reduced to 14 days."
Thus, it appears that the Alabama Rules of Civil Procedure as modified for district courts shall apply to all juvenile court proceedings when a district court judge presides. Hence the applicable time limit for ruling on a posttrial motion in a juvenile proceeding in district court is fourteen days. Rule 59.1 (dc). Failure to rule within the applicable time period results in the motion being deemed denied by operation of law. The time period for appeal begins to run from the date the motion is deemed denied by operation of law.
In the case at bar the posttrial motion was deemed denied by operation of law on September 8, 1983 and the appeal was not taken until September 27, 1983, which was more than fourteen days from the date when the posttrial motion was deemed denied. Appeals from all juvenile courts to *Page 649 
this court must be taken within fourteen days of the judgment on the merits or any posttrial motion. Rule 28 (C)(3), Alabama Rules of Juvenile Procedure. This applies to circuit juvenile courts as well as to district juvenile courts. Wright v.Montgomery County Department of Pensions Security,423 So.2d 256 (Ala.Civ.App. 1982).
To the uninitiated the application of the rules in the above manner can have harsh and, to this court, unintended results.
At this time there is no valid reason for there to be two different time periods for denying posttrial motions in juvenile proceedings depending on whether the proceeding is in district court or circuit court.
This hiatus in the rules regulating appeals from juvenile courts has apparently just been overlooked because the supreme court has drastically altered the juvenile court system by adopting rules 20 and 28 of the A.R.J.P. effective March 1, 1982.
These two rules require records to be made of juvenile court proceedings and authorize appeals from certain classes of juvenile cases directly to the appellate courts. The effect of these changes has been to unify and simplify juvenile court procedure so that it no longer matters whether the proceeding is in district court or circuit court. Consequently, we can perceive of no valid reason why the time period for posttrial motions in juvenile court should be different depending on whether the juvenile proceeding is in district court or circuit court. However, rule 59.1 (dc) is very clear and can be changed only by the supreme court, not this court.
The posttrial motion filed in this case was deemed denied by operation of law on September 8, 1983 and the appeal to this court was not filed until September 27, 1983, which is more than fourteen days after September 8, 1983. The appeal is late and must be dismissed.
Appellants in their response to the motion to dismiss request this court to extend the time for appeal by extending the time for the ruling on the posttrial motion pursuant to rule 59.1, A.R.Civ.P. However, the motion to extend must have been filed in the appellate court prior to the end of the applicable time period. Crowder v. Zoning Board of Adjustment, 409 So.2d 837
(Ala.Civ.App. 1981). This was not done here.
APPEAL DISMISSED.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.