451 So.2d 324 (1984)
Ex parte Glenn E. HICKS, Sr. and Anna Hicks.
(Re: Glenn E. HICKS, Sr. and Anna Hicks, v. W. Thomas CROSSLIN, Judge of Probate of Colbert County, Alabama; W.D. Cornelius; Bernice Cornelius; Edwin E. Enlow, Sr.; and Nancy B. Enlow).
Civ. 4053.
Court of Civil Appeals of Alabama.
April 25, 1984.
*325 Robert S. Gargis and Gary Alverson, Tuscumbia, for appellants.
Michael F. Ford and Ronald F. Suber of Martin & Ford, Tuscumbia, for appellees.
D. Marcel Black of Hewett & Black, Tuscumbia, for appellees W. D. Cornelius and Bernice Cornelius.
Lee B. Osborn of Huddleston, Osborn & Babcock, Sheffield amicus curiae/guardian ad litem for Gregory Blake Hicks and Allison Denise Hicks, minors.
BRADLEY, Judge.
Glenn E. Hicks, Sr. and Anna Hicks (petitioners) are the paternal grandparents of the two children (Gregory Blake Hicks and Allison Denise Hicks) that they are seeking to adopt. W.D. and Bernice Cornelius (respondents) are the maternal grandparents of the children and are also their legal guardians. Edwin E. Enlow, Sr. and Nancy B. Enlow (respondents) are relatives of the children and are also seeking to adopt the children.
The parents of the children are deceased, having died under tragic circumstances on December 7, 1980.
The Corneliuses, as stated previously, are the legal guardians of the children by way of letters of guardianship which were in full force and effect on the day of the hearing.
In January 1982, more than a year after the deaths of the children's parents, the Corneliuses filed a petition in the Juvenile Division of the District Court of Colbert County, Alabama, seeking custody of the children. A hearing was scheduled for January 29, 1982. On the date of the hearing, the Hickses filed a cross-petition seeking custody of the children.
After hearing the testimony ore tenus, the juvenile division of the district court on February 1, 1982 entered a temporary order granting custody of the children to the Corneliuses. Permanent custody was granted to the Corneliuses on February 4, 1983.
The Hickses filed notice of appeal to the Circuit Court of Colbert County, Alabama. The appeal was dismissed by the circuit court.
On June 20, 1983 the Hickses filed a petition to modify the grant of custody in the juvenile division of the district court. A hearing was held on August 12, 1983 and the relief requested was denied by order of the court. A motion for rehearing was filed by the Hickses, which was denied. The Hickses appealed to this court. The appeal was denied on February 15, 1984. 446 So.2d 647.
The Enlows filed petitions to adopt the minor children on August 18, 1983. A hearing was had in the probate court on September 29, 1983 and all parties were present. Several motions were filed by the Hickses on the hearing date. These motions included a motion to dismiss, a motion to stay proceedings, and a motion to transfer the matter to the district court. After arguments, all the motions were denied.
During the course of the hearing, and prior to the close of the Enlows' case, consent of each of the Corneliuses, as guardians of the children, was given by written instrument.
Upon conclusion of the hearing, the trial judge entered interlocutory orders granting the petitions of the Enlows to adopt the minor children.
*326 Petition for mandamus was filed in this court on October 28, 1983.
The Hickses' first contention is that the probate court committed error by failing to stay the adoption proceedings, or, in the alternative, to transfer them to the district court. Petitioners argue that once a court takes upon itself the question of the custody of a minor child, renders a final decision regarding the custody of the minor child, and such decision is appealed, any adoption proceeding with regard to said minor child must be filed in the juvenile court.
The Corneliuses reply that the probate court did not abuse its discretion in refusing to stay the proceedings or transfer them to the juvenile court. They point out that the Hickses' motion was made on the day set for trial of the adoption matter, which was September 29, 1983. They also say that notice of such hearing date went to the Hickses on August 24, 1983 and that numerous witnesses had been summoned for that date and were present to testify.
The Corneliuses rely on section 12-13-12, Code 1975, and rule 6(d), Alabama Rules of Civil Procedure, for the proposition that the Hickses failed to file their motions a sufficient length of time before the hearing date to give the opposing parties an opportunity to reply to them.
Section 12-13-12, Code 1975, provides that in the absence of express provisions to the contrary, provisions of the code relating to pleading, practice, evidence, and judgments and orders in the circuit courts shall apply in the probate court. Rule 6(d), A.R.Civ.P., provides that notice of a hearing on a written motion must be served not later than five days before the hearing date.
This court said in Matter of Morrison, 388 So.2d 1014 (Ala.Civ.App.1980), which was an appeal from a probate court order in an adoption proceeding, that if neither the adoption statutes nor the probate court statutes provide for a particular procedure, then the litigant looks to the procedures set out for the circuit courts. We said that the practice and procedure for disposing of a motion for new trial in the circuit courts is set out in rules 59 and 59.1, A.R.Civ.P. Likewise, the practice of disposing of motions for new trial in the probate courts would be governed by rules 59 and 59.1, A.R.Civ.P.
In the case at bar there is no procedure set out in the code for processing motions in the probate court. So we look to the procedure for handling motions in the circuit courts, and those are found in the Alabama Rules of Procedure, especially rule 6, which specifies the time when motions shall be served on opposing parties.
The motions filed by the Hickses did not comply with rule 6, A.R.Civ.P., and, as a consequence, the probate court did not abuse its discretion in refusing to stay the proceedings or to transfer them to the juvenile court, since the motions were made on the day of the hearing.
In addition, we also are of the opinion that the probate court had the discretionary authority not to transfer the adoption proceedings to the juvenile court. The Hickses argue that the probate court erred by not transferring the adoption matter to the juvenile court, which had jurisdiction of the custody of the children. They, in effect, contend that the probate court had no alternative other than to transfer when they asked that it be transferred. We disagree.
Section 12-12-35, Code 1975, provides as follows:
"(a) Adoption proceedings, primarily cognizable before the probate court, may be transferred to the district court on motion of a party to the proceeding in probate court.
"(b) When adoption proceedings are transferred to the district court, a copy of the record of such proceedings shall be filed in the probate court, and the probate court offices shall maintain records of all adoption proceedings within their respective counties."
Section 12-15-30, Code 1975, provides that:

*327 "(b) The [juvenile] court shall also exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
"....
"(5) Proceedings for the adoption of a child when such proceedings have been removed from probate court on motion of any party to the proceedings ...."
Hence, it appears that not only does the district court have jurisdiction over adoption matters when transferred to it from the probate court, but also that the juvenile court, whether in the circuit court or in the district court, has jurisdiction over adoption matters that have been transferred to it.
Is it mandatory that an adoption proceeding be transferred to one or the other of the courts listed above upon motion of a party to the proceeding in the probate court? We hold that it is not.
Amendment 364 to the 1901 Alabama Constitution provides that the probate court is a court of general jurisdiction in adoption matters. Section 12-12-35, Code 1975, provides that adoption matters are primarily cognizable in the probate court. Section 26-10-1, Code 1975, provides that petitions for the adoption of children are to be filed in the probate court.
It appears to this court that the language used in the constitutional amendment and in the two code sections relating to adoptions was intended by the legislature to give the probate court primary jurisdiction of adoption proceedings. Although the legislature authorized adoption proceedings to be transferred to the district court and to the juvenile court upon motion of a party thereto, we believe that the legislature also intended that the motion to transfer be made to the probate court and that the probate court have the discretion to grant the motion or not grant it.
We consider this to be the more reasonable interpretation of the statutes in question because it is clear that petitions for adoption must be filed in the probate court and that court has been made the primary forum for deciding adoption cases. See §§ 26-10-1 and 12-12-35, Code 1975. It is only after a motion to transfer has been granted that the other courts have jurisdiction to decide adoption cases.
To hold that it is mandatory that an adoption matter be transferred upon motion of a party would be, in our opinion, contrary to the legislative intent and could lead to forum shopping, which certainly was not the result intended by the legislature.
We conclude, therefore, that the probate court did not abuse its discretion in refusing to transfer the adoption proceedings to the district court or to the juvenile court.
The Hickses' next contention is that the probate court did not have jurisdiction to enter the interlocutory order of adoption because consent was not given by the legal custodian of the children.
Section 26-10-3, Code 1975, provides in pertinent part:
"No adoption of a minor child shall be permitted without the consent of parents, but the consent of a parent who has abandoned the child, who cannot be found, who is insane or otherwise incapacitated from giving such consent or who has lost guardianship of the child through divorce proceedings or by the order of a court having jurisdiction may be dispensed with, and consent may be given by the guardian, if there is one, or if there is no guardian, by the state department of pensions and security...." (Emphasis supplied).
In the case of Davis v. Turner, 337 So.2d 355 (Ala.Civ.App.1976), this court stated:
"[R]ather, the giving of consent at some point is one of the prerequisites to the probate court's consideration of the subject matter.
"Where this jurisdictional prerequisite has been satisfied at the time of the decree, the decree consummates the adoption and a later withdrawal of consent has no effect. Where a required consent has never been given, the trial court never obtains jurisdiction to proceed *328 to the paramount question of the child's welfare." (Emphasis added.)
Respondents contend that the "jurisdictional prerequisite" of consent by the legal guardians was satisfied at the time of the probate court's interlocutory decree. The Hickses argue that the failure of the Corneliuses to give their consent at the time the petition for adoption was filed prevents the court from hearing the matter. Respondents say that the issue is not the time or manner of consent but whether consent to the adoption was in fact given. We agree.
In Wolf v. Smith, 435 So.2d 749 (Ala.Civ. App.1983), this court stated:
"The statute does not specify a form for the consent, does not require notarization, and does not require that the consent be in writing. Thus, the proper question before the probate court, and before us now, is whether Mrs. Wolf consented to the adoption....
"It is uncontradicted that Mrs. Wolf orally consented to the adoption of Zachary by the Smiths at the time she signed the form."
The evidence shows that the Corneliuses discussed the adoption with the Enlows and gave their consent orally. Then the Corneliuses executed and filed with the probate court a written consent for the adoption prior to the interlocutory decree. The writ of mandamus is denied.
WRIT DENIED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs specially.
WRIGHT, Presiding Judge, concurring specially.
I concur in the result reached by the majority. However, I must respectfully dissent from the interpretation of the statutes concerning removal of adoption proceedings from probate court to juvenile court.
The majority said that removal of an adoption filed in probate court to juvenile court under § 12-12-35 upon motion of a party is not mandatory. In other words, probate court may refuse to transfer and juvenile court may refuse to accept. In my humble opinion such holding effectively destroys the statute. It is my opinion that § 12-12-35, which is found in the Code under the section titled "District Courts," provides the right to have transfer from probate to district court of an adoption case upon motion of a party thereto. It is further my opinion that the motion is to be filed in district court, not probate court, and the order of transfer issue from district court. It appears obvious that such a case may not be forced upon district court by an order of the probate court.
There is a direct corollary between § 12-12-35 and § 12-11-41, which provides for transfer of the administration of an estate from probate court to circuit court. These two statutes are the only ones that I know of that operate to oust one jurisdiction in favor of another in such manner. Each statute ousts the jurisdiction of a primary court in favor of a secondary one. In each statute the authority for transfer is codified under the power of the secondary or transferee court. The words of the authority are strikingly similar. In § 12-12-35 the words are, "may be transferred to the district court upon motion of a party to the proceeding in probate court." In § 12-11-41 the pertinent words are, "may be removed from the probate court to the circuit court ... upon the filing of a sworn petition reciting that the petitioner is such heir...." Cases considering § 12-11-41 have declared that the statute provides a right of transfer or removal. Ex parte Pettus, 245 Ala. 349, 17 So.2d 409 (1944); Hall v. Proctor, 239 Ala. 211, 194 So. 675 (1940). I perceive no other reasonable construction of § 12-12-35.
It appears that the legislature intended that in cases where the district court, because of a prior relationship with the child, or perhaps because of better training or experience of the judge or for some other reason, was better qualified to determine *329 the best interest of the child, transfer could be made upon motion to the district court.
It is for these reasons I submit that the majority is in error in declaring that the probate court had discretionary authority not to transfer the case to district court. It is not necessary to the decision to say it. I would hold that the writ should be denied because the motion to transfer was not filed in the proper court.