STEAGALL, Justice.
Certiorari was granted in this case in order to determine whether in the juvenile court, with a district judge presiding, a post-trial motion for new trial to alter, amend, or vacate a judgment suspends the time for giving notice of appeal to the Court of Criminal Appeals. We hold that it does, and we reverse.
Gary Glenn Smith, a child under the age of eighteen years, was adjudicated a delinquent in the Juvenile (District) Court of Henry County on February 14, 1986. On February 28, 1986, Smith timely filed a motion for new trial and a motion to alter, amend, or vacate the judgment. These motions were denied on March 14, 1986. On March 28, 1986, Smith filed a notice of appeal with the Court of Criminal Appeals. The Court of Criminal Appeals dismissed the appeal as being untimely filed. 492 So.2d 675. Smith’s motion to reinstate the appeal and his application for rehearing were denied without opinion.
The Alabama Rules of Juvenile Procedure do not specifically provide for a time period for an appeal after a post-trial motion is ruled upon. Rule 1, A.R.J.P., provides that if no procedure is specifically provided in the juvenile rules, the Alabama Rules of Civil Procedure shall apply to the extent that they are not inconsistent with the juvenile rules.
In Hicks v. Cornelius, 446 So.2d 647 (Ala.Civ.App.1984), the Court of Civil Appeals addressed a similar issue, although it involved a custody matter rather than a delinquency matter. The Court of Civil Appeals stated that the Alabama Rules of Civil Procedure, as modified for the district courts, apply to all juvenile court proceedings when a district court judge presides, including the time for filing and ruling upon post-trial motions, which is 14 days. The court in Hicks also held that the time period for appeal begins to run from the date the motion is either ruled upon or deemed denied by operation of law.
We can see no reason why the time allowed for appeal following post-trial motions in delinquency matters should be different from the time allowed for appeal in custody matters. In fact, Rule 28(C), A.R. J.P., provides for a uniform time of 14 days from which to appeal from a judgment in any juvenile court proceeding.
In the instant case, the post-trial motion was denied on March 14, 1986, and the *977 appeal was taken on March 28, 1986, which was within 14 days from the date the post-trial motion was denied. Thus, the appeal was timely filed. Therefore, the judgment of the Court of Criminal Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.