TAYLOR, Presiding Judge.
On February 15, 1994, delinquency complaints were filed against the appellant, J.S.J., in the family court for the Tenth Judicial Circuit. Subsequently, the State filed a motion to transfer the appellant to the circuit court to stand trial as an adult on the charges of burglary and capital murder. A transfer hearing was held, and on May 11, 1994, the juvenile court issued a written order transferring the appellant to the Circuit Court for Jefferson County to stand trial as an adult on the charge of burglary and, instead of capital murder, on the lesser offense of felony murder. The appellant challenges the findings made by the juvenile court during both the probable cause phase and dispositional phase of the transfer hearing.
‘“Transfer hearings are divided into two phases, the probable cause hearing and the dispositional hearing. At the probable cause hearing, the juvenile court determines whether there is probable cause to believe that the child committed the alleged crime. At the dispositional hearing, the juvenile court determines whether it is in the best interest of the child or the public to transfer the child.’ ”
A.M v. State, 621 So.2d 369, 369-370 (Ala.Cr.App.1992), quoting Ex parte J.R., 582 So.2d 444, 445 (Ala.), cert. denied, 502 U.S. 837, 112 S.Ct. 122,116 L.Ed.2d 90 (1991).
The probable cause hearing is governed by a “reasonably prudent man” standard, which defines probable cause as “that which warrants a man of reasonable prudence and caution in believing that the offense has been committed and that the juvenile in question is the offender.” M.B. v. State, 641 So.2d 330, 332 (Ala.Cr.App.1994).
The juvenile court’s finding of probable cause will not be reversed unless it is clearly erroneous. M.B.
The dispositional phase of the juvenile transfer proceeding is governed by a more rigid “clear and convincing” evidence standard. To affirm the transfer order, “ ‘an appellate court must find, within the record, clear and convincing evidence ... that it is in the best interest of the child or the public to transfer the child for criminal prosecution.’ ” D.D.P. v. State, 595 So.2d 528, 536 (Ala.Cr. App.1991), quoting J.R., 582 So.2d at 449.
I
The appellant contends that the evidence presented during the probable cause phase of the transfer hearing was insufficient to establish probable cause to believe that he committed the crimes of burglary and felony murder.
The evidence tended to show that on the night of February 11, 1994, four armed and masked intruders burst into an apartment where a party was being held. Approximately 25 to 35 guests were present. The State presented the testimony of five witnesses who were present at the party: Eric Adcox, Loren Love, Casemia Jones, Henrietta Jones, and Nakia Boyd. These witnesses testified that two of the intruders ran to the rear of the apartment, while the other two remained in the front and ordered the guests to lay down on the floor and to undress. When shots were fired in the rear of the apartment, the two intruders in the front opened fire. None of the guests were hit. Ms. Boyd testified that one of the intruders who had been in the rear of the apartment appeared to have been wounded and that he stumbled through the kitchen and out the back door. The three remaining intruders ordered the guests to throw their clothes and valuables on the floor. One of the intruders fired at and shot Mr. Love, who was hiding behind a door. He attempted to shoot Case-mia Jones after she, believing that she recognized his voice, called out what she believed to be his name. The intruder ordered the guests out the back door and then fled. Keith L. East, the intruder who had stum *111 bled out the back door, was found dead a short distance from the apartment. The coroner testified that in his opinion the cause of death was a wound to the chest from a .25 caliber projectile.
A
To prove the burglary charge, the State relied on two pieces of evidence tending to show that the appellant was one of the intruders. First, Casemia Jones testified that she recognized the appellant as one of the intruders by his voice, and that when she called the appellant’s name, the appellant cursed her and shot at her. Second, the deceased’s mother, Barbara East, testified to an incriminating conversation that she had had with the appellant the day after the burglary. She said that she asked the appellant what had happened to her son and why had he been left behind by the others. Ms. East testified that the appellant responded that he did not leave her son because he, the appellant, had been responsible for watching the front door. Other evidence showed that on the day the burglary occurred, the appellant was in the company of the other people thought to be participants in the burglary. The appellant argues that the State produced no physical evidence linking him to the crime. The appellant attacked the voice identification of Ms. Jones on the basis that only a few words were spoken and Ms. Jones’s prior conversations with him were limited.
Based on the above testimony, a reasonably prudent man could conclude that the appellant was one of the armed burglars. We hold that the juvenile court’s finding that there was probable cause that the appellant committed the burglary was correct and that that finding was not “clearly erroneous.”
B
To prove the murder charge, the State relied upon a combination of evidence. The appellant contends that this evidence was insufficient even to show that a murder occurred. The definition of felony murder is found in § 13A-6-2, Code of Alabama 1975:
“(a) A person commits the crime of murder if:
“(3) He commits or attempts to commit arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, ' rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life, and, in the course of and in furtherance of the crime ... he, or another participant if there be any, causes the death of any person.”
The appellant contends that the statute requires the death to be caused by either the appellant or an accomplice. He argues that the finding of probable cause was erroneous because, he says, there was not sufficient evidence to indicate that Mr. East was killed by a fellow burglar. Rather, the appellant argues his own theory that Mr. East was shot in self-defense by one of the victims. The State responds that there was eyewitness testimony and circumstantial evidence to show that East was shot with one of the intruder’s guns. Alternatively, the State argues that even if Mr. East was shot by one of the guests, the death was still “caused” by the appellant within the definition of causation found in § 13A-2-5.[1]
The evidence was that the deceased was killed by a .25 caliber projectile. Several .25 caliber pistol casings were found in the apartment, and three were found in the hallway where Mr. East was shot. The victims, though they had been partying for two hours at the time of the incident and were looking down gun barrels, had very specific ideas about the caliber of the guns they thought they saw, and all were a caliber larger than .25, according to them. The presence of the spent .25 caliber cartridges is physical evidence that is contrary to the testimony of some of the victims. A witness also testified that at least one of the armed intruders was *112 wearing a long trench coat and one was wearing a white dress. There was no testimony that any of the burglars had a .25 caliber pistol. The witnesses testified that some of the guests were armed, but there was no testimony that any of the guests fired a weapon. Mr. Boyd testified that the Mr. East was shot at the approximate time the two intruders in the front of the apartment had opened fire. There was also testimony that there were no guests in the back of the apartment in a position to shoot Mr. East, the deceased. The State contends that the evidence summarized above suggests that Mr. East was killed, either intentionally or accidently, by a bullet fired from a gun belonging to one the intruders. It contends that' the .25 caliber gun was either not seen by or was incorrectly identified by the eyewitnesses. The evidence sufficiently supports a finding of probable cause.
II
The appellant next contends that the evidence presented in the dispositional phase of the hearing was not sufficiently clear and convincing to support his transfer to the circuit court. The appellant stipulates in his brief to this court that the juvenile court’s transfer order complied with the procedural requirements of § 12-15-34(d), Code of Alabama 1975, but he argues that the evidence relied upon in considering each of the statutory factors was insufficient to meet the “clear and convincing” standard.
§ 12 — 15—34(d), Code of Alabama 1975, provides:
“Evidence of the following and other relevant factors shall be considered in determining whether the motion [for transfer] shall be granted:
“(1) The nature of the present alleged offense;
“(2) The extent and nature of the child’s prior delinquency record;
“(3) The nature of past treatment efforts and the nature of the child’s response to such efforts;
“(4) Demeanor;
“(5) The extent and nature of the child’s physical and mental maturity; and
“(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.”
The juvenile court’s order for transfer considered all six statutory factors. The order referred further to the nature of the offense, the nature of the appellant’s prior delinquency record, and the interests of the community. Although there was evidence presented in mitigation that the appellant now expressed remorse for his action, that he appeared responsive to past treatments, and that he possessed limited mental “maturity,” the weight assigned to each factor was wholly within the discretion of the court. A.D.T. v. State, 630 So.2d 165 (Ala.Cr.App.1993). The clear and convincing standard certainly can be met although the evidence was conflicting. D.D.P., supra.
The court found Casemia Jones’s testimony credible. She identified the appellant as the individual who, armed with a semiautomatic weapon, began shooting in a room where 25 to 35 people were present, who shot at her after she identified him, and who intentionally shot Mr. Love because, she says, he was hiding behind a door. In holding that it was in the best interest of the community to transfer the appellant, the court considered the nature of the appellant’s participation in the crime, his prior offense of taking a firearm to school, and his association with unsavory characters, including a known gang member and found that these factors demonstrated that the appellant posed a danger to the community which could no longer be addressed by the juvenile system.
After reviewing the record, we hold that there was clear and convincing evidence to support the appellant’s transfer to the circuit court. The order of the juvenile court transferring the appellant to the Circuit Court for Jefferson County is due to be affirmed.
AFFIRMED.
All the Judges concur.

. § 13A-2-5(a) states: "A person is criminally liable if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was sufficient to produce the result and the conduct of the actor clearly insufficient.” Because this court agreed with the finding of probable cause, this argument is not addressed.