SHAW, Judge.
On May 2, 2000, three separate delinquency petitions were filed against the appellant, J.D.B., in the Lauderdale County Juvenile Court. In case no. JU-95-549.24, the appellant was charged with breaking and entering a vehicle, a violation of § 13A-8-ll(b), Ala.Code 1975. In case no. JU-95-549.25, the appellant was charged with theft of property in the third degree, a violation of § 13A-8-5, Ala.Code 1975. In case no. JU-95-549.26, the appellant was charged with consuming aleo- *639 hoi while under 21 years of age, a violation of § 28-1-5, Ala.Code 1975. After the State moved to transfer the appellant to the circuit court to stand trial as an adult on all three charges, the juvenile court, on July 27, 2000, held a transfer hearing and on that same day issued an order transferring the appellant to the circuit court. That order was filed in the circuit clerk’s office on August 2, 2000. The appellant filed a motion for a new hearing on the transfer issue (the equivalent of a motion for a new trial) on August 11, 2000, see Rule 1, Ala. R. Juv. P., arguing that the State had failed to establish probable cause to believe that the appellant had committed the breaking-and-entering and theft-of-property offenses. The appellant did not allege in that motion that the juvenile court’s order with respect to the alcohol charge was erroneous, and he does not raise that issue on this appeal. On that same day, August 11, 2000, the appellant filed a notice of appeal. The juvenile court later denied the motion on August 15, 2000, four days after the appellant had filed his notice of appeal.
The appellant raises two issues — whether the juvenile court’s finding of probable cause with respect to the breaking-and-entering and theft-of-property charges is clearly erroneous. The State’s sole argument on appeal is that the appellant failed to file a timely notice of appeal. Citing J.M.V. v. State, 651 So.2d 1087 (Ala.Crim.App.1994), and Ex parte Smith, 546 So.2d 976 (Ala.1986), the State makes the following argument:
“Here, the record reflects that the transfer order was issued and entered on July 27, 2000. J.D.B. had 14 days from that date [see Rule 1, Ala. R. Juv. P.], or until August 10, 2000, in which to file a timely motion for new trial and/or notice of appeal. Both his motion for new trial and his notice of appeal were filed on August 11, 2000, one day late. Because the motion for new trial was late, it did not suspend the time for giving notice of appeal.”
(State’s brief at p. 4.)
The State takes the position that this appeal is due to be dismissed for lack of jurisdiction. The State makes no argument with respect to the merits of the case.
We note initially that this appeal is properly before this Court. Rule 28(c), Ala. R. Juv. P., provides: “Written notice of appeal shall be filed within 14 days of the date the judgment, order, or decree appealed from is filed in the clerk’s office, whether the appeal is to an appellate court or to the circuit court for trial de novo.” (Emphasis added.) The language emphasized above was added to Rule 28(c) by an amendment that became effective on July 1,1998. Consequently, the State’s reliance on J.M.V. v. State, supra, which predated the 1998 amendment, is misplaced. The State correctly points out that the appellant’s motion for a new trial was untimely and, therefore, that its filing could not have suspended the time for filing the notice of appeal. However, the appellant filed his notice of appeal on August 11, 2000, within 14 days of the date the transfer order was filed with the circuit clerk— August 2, 2000.
As noted, the appellant challenges the juvenile court’s finding of probable cause. In J.S.J. v. State, 666 So.2d 109, 110 (Ala.Crim.App.1995), this Court stated:
“The probable cause hearing is governed by a ‘reasonably prudent man’ standard, which defines probable cause as ‘that which warrants a man of reasonable prudence and caution in believing that the offense has been committed and that the juvenile in question is the offender.’ M.B. v. State, 641 So.2d 330, 332 (Ala.Crim.App.1994). The juvenile *640 court’s finding of probable cause will not be reversed unless it is clearly erroneous. M.B.”
See also J.M.V. v. State, supra, at 1090-92, for a full discussion of this Court’s standard for reviewing probable cause findings under § 12-15-34, Ala.Code 1975.
The appellant was charged with breaking and entering a vehicle in violation of § 13A-8-ll(b), which provides:
“A person commits the crime of unlawfully breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle or any part of a vehicle with the intent to commit any felony or theft.”
The appellant acknowledges, and the evidence indicated, that the police found him inside a vehicle without the permission of that vehicle’s owner. The appellant argues that no evidence was presented at the transfer hearing indicating that he intended to commit a felony or theft while inside the vehicle. However, after examining the transcript of the transfer hearing, we conclude that there was sufficient evidence from which the juvenile court could have found that a reasonable man would believe that the appellant entered the vehicle for the purpose of committing a felony or theft. During the testimony of the arresting officer, the following transpired:
“THE COURT: Also there’s a theft of property charge. Is that in connection with this same set of facts?
“Q. What was the basis for charging him with theft of property?
“A. There was an older — like a car stereo that was inside the glove box, and the owner of the truck said that the glove box was actually closed and it was [sitting] inside the glove box. When we got there, the radio had been removed. The glove box was open, and it was [sitting] in the seat beside him.
“Q. Had he actually taken it with him?
“A. He had taken it out of the glove box.
“[Appellant’s counsel]: Your Honor, here I want to object to any testimony about a radio. He’s charged with theft of a bottle of cologne.
“THE COURT: In the .25 case [JU-95-549.25]?
“[Appellant’s counsel]: Yes, sir.
“Q. Officer, tell me about—
“[Appellant’s counsel]: So I would object to any testimony about a radio and move to strike.
“THE COURT: Sustained.
“[Prosecutor]: Tell me about the ... cologne?
“A. The ... cologne I do not remember.
[[Image here]]
“Q. And so you don’t know the facts surrounding [the appellant] taking a bottle of ... cologne?
“A. That I do not.
“THE COURT: Was there another officer that may know?
“THE WITNESS: Yes, sir.
“THE COURT: Okay.”
(R. 9-10.)
The appellant challenged the sufficiency of the evidence at the close of the hearing, arguing that the evidence concerning the radio had been struck.
Although the juvenile court sustained the appellant’s objection to the officer’s testimony concerning the presence of the radio on the seat beside the appellant, the court still had before it evidence that the appellant was found inside a vehicle that he did not own and that the glove box in that vehicle had been opened by someone other than the owner. Viewing the evidence in the light most favorable to the *641 State, see J.M.V. v. State, supra, we conclude that the juvenile court’s finding that there was probable cause to believe that the appellant entered the vehicle with the intent to commit a felony or theft is not clearly erroneous. Therefore, we hold that that part of the juvenile court’s order transferring the appellant to circuit court for disposition of the breaking-and-entering charge (JU-95-549.24) is due to be affirmed.
However, we agree with the appellant that the record is devoid of any evidence to support that part of the juvenile court’s order transferring the appellant to circuit court for disposition of the third-degree-theft charge. The theft charge was based on a specific allegation that the appellant had taken a bottle of cologne from the vehicle. The arresting officer testified that he knew nothing about the cologne. The only other police officer who testified at the transfer hearing was a detective, who did follow-up work on the case:
“Q. [Prosecutor]: Okay. Detective Moore, please state for the Court the facts as you know them regarding the ... cologne being taken by [the appellant],
“A. Okay. Basically as Officer Glover stated, once they took him out of the car and arrested him, I’m not sure what other officers were actually present. I don’t recall that. But—
“[Appellant’s counsel]: Your Honor, I would again object.
“THE COURT: Were you there?
“THE WITNESS: No, Your Hon- or.
“[Appellant’s counsel]: He stated earlier he was not there.
“THE COURT: If he’s not there, I don’t suppose he can testify to the cologne. Did you arrest him for the cologne?
“THE , WITNESS: No, Your Hon- or.
“THE COURT: So whatever you know about it you learned from another officer?
“THE WITNESS: Well, if I could say, it was stated in the report that when they patted him down for weapons, they found the bottle of cologne on him.
“THE COURT: But you didn’t pat him down?
“THE WITNESS: No, Your Hon- or, I did not.
“THE COURT: And you didn’t pat him down [addressing the arresting officer, Officer Glover]?
“OFFICER GLOVER: No, I did not.
“THE COURT: Well, we just don’t have to get into the issue of the cologne. That’s another matter for another day.”
(R. 12-13.)
The only other witness, a Lauderdale County juvenile probation officer, offered no testimony concerning the cologne.
Because the record clearly indicates that the juvenile court was acutely aware that no evidence had been introduced to indicate that the appellant had been in possession of a bottle of cologne belonging to the owner of the vehicle, and because the record indicates that the juvenile court sua sponte announced that the theft charge would no longer be the subject of the transfer hearing, we believe that there is an apparent inconsistency between the juvenile court’s ruling during the transfer hearing and its subsequent written transfer order. That order, which consists of a printed form, refers to the theft charge only by the case no. JU-95-549.25. *642 Therefore, with the case in this posture, we remand the case to the juvenile court for it to make a specific finding as to whether it actually intended to include case no. JU-95-549.25 as part of the transfer order or whether the reference in the order to JU-95-549.25 was a clerical error. Consequently, we pretermit at this time any further discussion of the appellant’s argument with respect to his transfer on the theft charge.
For the foregoing reasons, the case is remanded to the juvenile court for further proceedings consistent with this opinion. The juvenile court’s return to remand shall be filed within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
MeMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ„ concur.

 Note from the reporter of decisions: On November 21, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.