THOMAS, Judge.
D.B. and E.B. (“the custodians”) appeal from the denial of their request to transfer the adoption proceeding instituted by J.E.H., Jr., and L.H. (“the maternal grandmother”) to adopt M.H. (“the child”) to the juvenile court.
The child was born in March 2002. Her mother, San.H., signed a consent-to-adoption form in November 2002, granting her consent to adoption of the child by the custodians. Instead of filing an adoption petition, the custodians filed an action in juvenile court requesting that they be given custody pursuant to the consent form until a one-year period had elapsed so that they could then petition for adoption. The juvenile court granted the custodians custody of the child on November 21, 2002.
The mother filed a petition to set aside the November 2002 custody judgment in January 2007. As grounds, the mother alleged that she desired to withdraw her consent to adoption and that she was incapable of consenting to the adoption of the child in November 2002 because she was abusing cocaine and marijuana at that time. The juvenile court denied the mother’s petition without a hearing; in its order, however, the juvenile court stated that it would set a hearing on the merits if the mother so requested. Instead of requesting the hearing, the mother appealed the denial of her petition to set aside the judgment to the circuit court. On March 5, 2007, the circuit court dismissed the mother’s appeal, citing as reasons that the mother could have requested a hearing in the juvenile court and that an adequate record of the juvenile proceedings had been made and therefore the appeal should have been filed in this court. The mother then filed a petition for the writ of mandamus in this court; in that mandamus petition the mother argued that the circuit court should be ordered to hold a hearing and determine whether the November 2002 custody judgment should be set aside. This court denied the mother’s petition without an opinion on April 10, 2007.
*461 Meanwhile, the maternal grandmother and her husband, J.E.H., Jr., filed a petition for adoption of the child in the probate court on February 2, 2007. The mother and Sac.H. (“the father”) filed consents to the adoption. Notice of the adoption proceeding was given to the custodians, who filed “an objection” to the adoption, which the probate court treated as a contest to the adoption. The custodians also requested that the probate court transfer the adoption proceeding to the juvenile court; the probate court declined to do so. The probate court held a hearing on the custodians’ adoption contest, after which it denied the custodians’ contest. Ultimately, the probate court entered a final decree of adoption.
On appeal, the custodians argue only that the probate court abused its discretion in failing to transfer the adoption proceeding to the juvenile court. The custodians cite no relevant easelaw pertaining to their request to transfer the adoption proceeding to the juvenile court.[1] The custodians are correct insofar as they argue that the probate court had the authority to transfer the adoption proceeding and that, by statute, the probate court had the discretion to determine whether a transfer was appropriate. See Ala.Code 1975, § 26-10A-24(e) (“On motion of either party or of the court, a contested adoption hearing may be transferred to the court having jurisdiction over juvenile matters.”); see also Ala.Code 1975, § 12-15-30(b)(5) (providing that the juvenile court has jurisdiction over “[proceedings for the adoption of a child when such proceedings have been removed from probate court on motion of any party to the proceedings”). A probate court’s decision whether to transfer an adoption proceeding to the juvenile court is reviewed for an abuse of discretion. Ex parte Hicks, 451 So.2d 324, 327 (Ala.Civ.App.1984).
We begin our analysis of the probate court’s decision not to transfer the adoption proceeding to the juvenile court with a brief discussion of Ex parte Hicks. The petitioners in Ex parte Hicks sought a writ of mandamus directing the probate court to transfer an adoption proceeding to the juvenile court, arguing, among other things, that the transfer of the adoption proceeding was mandatory. Ex parte Hicks, 451 So.2d at 326. The petitioners contended that the probate court had no alternative but to transfer the adoption proceeding to the juvenile court because the juvenile court had already exercised jurisdiction over the children by virtue of its entry of previous custody judgments concerning the children. Id. This court disagreed, stating that the probate court had the discretion to grant or deny the petitioners’ motion to transfer. Id. at 327. This court soundly rejected the contention that transfer was mandatory upon the request of a party based upon the language of § 26-10A-24(e) and other legislative enactments indicating the legislative intent to vest the probate court with primary jurisdiction over adoptions. Id. We denied the petition for the writ of mandamus, in part because we concluded that the probate court did not abuse its discretion in denying the motion to transfer the adoption proceeding. Id.
When reviewing a trial court’s decision to determine whether the trial court abused its discretion, appellate courts of *462 ten fail to define exactly what constitutes an abuse of discretion, opting instead to simply determine whether the discretion at issue was exercised properly. However, the supreme court, in a discussion of whether the failure to grant a continuance was an abuse of the trial court’s discretion, stated:
“ ‘And while it is not necessary, to constitute abuse, that the court shall act wickedly or with intentional unfairness, it is essential to show that it has committed a clear or palpable error, without the correction of which manifest injustice will be done. Since the court trying the cause is, from personal observation, familiar with all the attendant circumstances, and has the best opportunity of forming a correct opinion upon the case presented, the presumption will be in favor of its action, and in no case will the exercise of this discretion be reviewed where it manifestly appears that justice has been done without sacrificing the rights of defendant. The opinion that the trial court might, in view of all the facts shown, very consistently have granted the continuance will not of itself be sufficient to authorize a reversal.’ ”
Clayton v. State, 244 Ala. 10, 12, 13 So.2d 420, 422 (1942) (quoting 16 C.J. 453). The Court of Appeals also explained its view of the term “abuse of discretion” in its opinion in Clayton v. State, 31 Ala.App. 106, 13 So.2d 411, rev’d, 244 Ala. 10, 13 So.2d 420 (1942); although the Court of Appeals came to the opposite conclusion about the trial court’s decision to deny the continuance and was ultimately reversed by our supreme court, the Court of Appeals’ explanation of what constitutes an abuse of discretion is in accord with the standard espoused by the supreme court:
“The term, ‘abuse of discretion,’ in the decisions of courts, implying in common parlance, a bad motive or wrong purpose, is not appropriate. It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence; or as otherwise stated, where a court does not exercise a discretion in the sense of being discreet, circumspect, prudent, and exercising cautious judgment, it is an abuse of discretion. In a legal sense discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all the circumstances before it being considered. It does not necessarily imply ‘a wilful abuse or intentional wrong.’ ”
Clayton v. State, 31 Ala.App. at 110, 13 So.2d at 415.
As a basis for their argument that the probate court abused its discretion when it failed to transfer the adoption proceeding to the juvenile court at their request, the custodians argue that the juvenile court had already determined the best interest of the child and that the probate court’s retention of the case resulted in inconsistent judgments. This court’s opinion in Ex parte Hicks undercuts the custodians’ argument that the juvenile court’s previous involvement in the case somehow required or mitigated in favor of a transfer of the adoption proceeding. Ex parte Hicks, 451 So.2d at 327. Insofar as the custodians argue that the retention of the adoption proceeding by the probate court resulted in inconsistent judgments, we conclude that the juvenile court was concerned with a different issue than the probate court and that the judgments are not inconsistent but instead are separate judgments rendered on different facts under different law.
In our opinion, the custodians have failed to establish that the probate court’s decision to deny the requested transfer “exceed[ed] the bounds of reason, all the circumstances before it being considered,” Clayton, 31 Ala.App. at 110, 13 So.2d at *463 415, or that the probate court “committed a clear or palpable error, without correction of which manifest injustice will be done.” Clayton, 244 Ala. at 12, 13 So.2d at 422. Because we do not find an abuse of discretion in the probate court’s decision not to transfer the adoption proceeding, we affirm the probate court’s denial of the custodians’ motion to transfer.
AFFIRMED.
PITTMAN and BRYAN, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing, which MOORE, J., joins.

. The custodians rely on B.C.M. v. J.T., 738 So.2d 1266 (Ala.Civ.App.1999). However, the relevance of B.C.M. is not apparent from the custodians’ argument or from a reading of the case itself. The holding in B.C.M. was that a circuit court has no jurisdiction to terminate parental rights, even if it has jurisdiction over the child at issue in conjunction with divorce proceedings. That holding has no application here.