In this legal malpractice case, the trial court entered a summary judgment for the defendants on the ground that the case was not timely filed. On appeal the plaintiffs raise a single issue: Is the Alabama Legal Services Liability Act, in regard to its statute of limitations, unconstitutional?
We conclude that the plaintiffs failed to properly raise, argue, obtain a ruling on, or object to the failure of the trial court to rule on the constitutional issues argued by them in their brief in this Court. We, therefore, affirm the summary judgment in favor of the defendants, Joseph Brown, Valentino Mazzia, and Kenneth Knapp, and the law firm of Cunningham, Bounds, Yance, Crowder Brown ("Cunningham, Bounds").
In December 1984, Wilbert Cooley tripped and fell in his kitchen, injuring his left foot. He consulted Dr. Robert Illions for treatment. Dr. Illions took X-rays, and, after some months of drug therapy and rest, Dr. Illions performed surgery on Cooley's foot. During this surgery, Dr. Illions removed the fifth middle and proximal bones of Cooley's left foot.
Sometime prior to March 1985, Cooley consulted another physician and was advised that the surgery Dr. Illions had performed was medically unnecessary. Cooley retained Joseph Brown of the law firm of Cunningham, Bounds, and Kenneth Knapp and Valentino Mazzio, two California attorneys, to sue Dr. Illions for medical malpractice. Knapp and Mazzio filed suit for Cooley in California[1] shortly thereafter. The attorneys also included in the lawsuit a loss of consortium count for Cooley's wife.
In February 1986, a settlement agreement was reached between the Cooleys and Dr. Illions. Before a California trial judge, and on the record, the Cooleys agreed to release Dr. Illions of all liability and not to pursue any further claims against Dr. Illions, in exchange for $45,000. The California judge specifically asked both Mr. and Mrs. Cooley if they understood what they were doing; both answered in the affirmative.
On December 17, 1991, the Cooleys filed suit in the Circuit Court of Mobile County against the law firm of Cunningham, Bounds and against Brown, Knapp, and Mazzio, alleging legal malpractice associated with settling the California lawsuit. The defendants answered the complaint, pleading the general issue. By an amended answer, the defendants asserted that the Cooleys' action was time-barred by the running of the applicable statutory period of limitations.
After substantial discovery, the defendants filed a motion for summary judgment, with an accompanying brief and affidavits in support. The Cooleys filed a brief in opposition to the motion for summary judgment. After the trial court held a hearing on the defendants' motion for summary judgment, and just a few days before the trial court issued its written order, the Cooleys filed an "additional brief regarding [the] statute of limitations [issue]." On November 18, 1991, the trial court issued its written order entering a summary judgment for the defendants.
The Cooleys appealed to this Court and, upon initial submission, preliminarily discussed two constitutional issues. The Cooleys asserted that § 6-5-574(a),[2] as construed by this Court in Michael v. Beasley, *Page 148 583 So.2d 245 (Ala. 1991),[3] violated their rights to trial by jury (Art. I, § 11, Ala. Const. of 1901)[4] and to equal protection of the laws (Art. I, §§ 1, 6, and 22, Ala. Const. of 1901).[5]
This Court asked for supplemental briefing on these precise issues and also on the issue of whether the Cooleys had properly preserved these constitutional issues for our review. We conclude that the Cooleys failed to properly preserve their asserted constitutional issues, and, therefore, based on.Michael v. Beasley, we conclude that the trial court properly entered the summary judgment for the defendants.
The rule is well settled that a constitutional issue must be raised at the trial level and that the trial court must be given an opportunity to rule on the issue, or some objection must be made to the failure of the court to issue a ruling, in order to properly preserve that issue for appellate review. This Court succinctly stated this rule as follows:
 "In order for an appellate court to review a constitutional issue, that issue must have been raised by the appellant and presented to and reviewed by the trial court. Additionally, in order to challenge the constitutionality of a statute, an appellant must identify and make specific arguments regarding what specific rights it claims have been violated."
Alabama Power Co. v. Turner, 575 So.2d 551 (Ala. 1991) (citations omitted.)
In this case, the Cooleys failed to mention, even remotely, the jury trial or equal protection issues they argue here until they filed their "additional brief regarding [the] statute of limitations [issue]," with the trial court. We have read the entire record and find no discussion of the constitutional issues except in the additional brief, which was filed just days before the trial court entered its written order granting summary judgment. Also, the brief was filed well after the trial court had held its hearing on the motion, and well after the trial court had taken that motion under submission. Additionally, no mention of the constitutional issues is made in the trial court's written order, which implies that the court was not apprised of the Cooleys' arguments in a sufficient and meaningful *Page 149 
manner. See, Marion v. Hall, 429 So.2d 937, 938
(Ala. 1983).[6]
Further, we note that the record does not show that the Cooleys objected to the trial court's failure to address the constitutional issues in its written order entering the summary judgment. In fact, we find nothing in the record to show that the constitutional issue was "raised by the [Cooleys] and presented to and reviewed by the trial court." AlabamaPower Co. v. Turner, 575 So.2d 551 (Ala. 1991).
Based on this record, we hold that the trial court properly found that, under the holding of Michael v. Beasley, the statutory period of limitations applicable to the Cooleys' action had expired. Therefore, the trial court properly entered the summary judgment for the defendants.
In affirming the summary judgment, we should not be understood as holding that the Cooleys would have prevailed on their constitutional claims if they had properly raised them.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] It is unclear from the record whether Dr. Illions moved to California or whether Cooley lived in California at the time of the alleged professional negligence.
[2] § 6-5-574(a) reads:
 "All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date."
(Emphasis supplied.)
[3] In Michael v. Beasley, this Court held as follows:
 "To summarize, we first hold that the time limits in the LSLA [Legal Services Liability Act] are to be measured from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission. Second, we hold that the legislature intended that the one year given by the saving provision in Ala. Code 1975, § 6-5-574(a), should be measured from the 'effective date' of the Act. The effective date of the LSLA is April 12, 1988. Ala. Code 1975, § 6-5-581. Third, because the legislature measured the saving provision from the effective date (April 12, 1988), which provides a reasonable period of time, we hold that the legislature intended the LSLA to apply retrospectively.
 "Consequently, § 6-5-574(a) provides that a cause of action against a legal service provider must be commenced within whichever of the following limitations periods would provide the longest time in which to bring an action: (1) within two years after the cause of action accrued; (2) if the cause of action could not reasonably be discovered within two years, then within six months from the date of discovery of the cause of action or the date of discovery of facts that would reasonably lead to discovery, provided that in no event can the action be commenced more than four years after the cause of action accrued; or (3) if the cause of action accrued before the effective date [of the LSLA], then within one year after the effective date of April 12, 1988."
(Emphasis supplied.)
[4] Art. I, § 11, Ala. Const. of 1901, states "That the right of trial by jury shall remain inviolate."
[5] Art. I, § 1, Ala. Const. of 1901, states "That all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness."
Art. I, § 6, Ala. Const. of 1901, states, in pertinent part, "nor [shall an accused] be deprived of life, liberty, or property, except by due process of law."
Art. I, § 22, Ala. Const. of 1901, states "That no ex post facto law, nor any law, impairing the obligations of contracts, or making any irrevocable or exclusive grants of special privileges or immunities, shall be passed by the legislature; and every grant or franchise, privilege, or immunity shall forever remain subject to revocation, alteration, or amendment."
Together these three sections have been interpreted to guarantee equal protection of the laws. See, Pickett v.Matthews, 238 Ala. 542, 192 So. 261 (1939).
[6] Marion holds, in part, that the defendant failed to preserve a constitutional issue when he raised it for the first time by supplemental motion for JNOV or, in the alternative, for new trial. Marion also implies that the absence of an order addressing the issue, or the absence of any mention of the issue in existing orders, implies that the trial court was not properly presented with the issue or with an objection to its failure to address the issue.