THOMAS, Judge.
 

 Thomas K. Wu (“the husband”) appeals from the trial court’s entry of a protection-from-abuse order resulting from a petition filed by Mi Cah Wu (“the wife”).
 

 
 *794
 

 Facts and Procedural History
 

 The husband and the wife were married on January 4, 2004. In early 2008, the husband moved into an upstairs apartment in the couple’s house. The upstairs apartment has a separate entrance from the remainder of the house. On April 25, 2008, the husband filed for a divorce, and the wife counterclaimed alleging physical abuse. On July 8, 2008, the wife filed in the trial court a petition for protection from abuse. The trial court entered an ex parte order directing the removal of the husband from the parties’ house and set a hearing on the petition for July 25, which is 17 days after the wife filed her petition.
 

 The husband and the wife were the only witnesses to testify at the hearing. The wife testified that on the evening of July 7, 2008, the husband pulled into the driveway of the parties’ house while she was walking to the mailbox. The wife testified that she felt the husband’s presence behind her and then felt two hands push her on her upper back. The wife fell to the pavement, injuring her face, wrist, and knee. The wife testified that, just after she fell, she saw the husband running toward the garage. The wife testified that she performed first aid on herself that night and that on the next night she went to the Alabama Medical Center’s walk-in clinic, where she was diagnosed with a broken wrist. The wife introduced into evidence pictures of her injuries that were taken at the clinic. The wife further testified that she had not had any alcohol or medications on the day that she injured her wrist and that she did not have any difficulties walking or with balance.
 

 The husband testified that he left work early on July 7, 2008, stopped to buy gasoline and other goods, went to the bank, and was at home by 3:30 p.m. The husband testified that he talked to the wife in the upstairs apartment just after he arrived home but that he did not see her any more that day. The husband introduced into evidence a receipt showing that he had purchased gasoline at 2:49 p.m. that afternoon. The husband further testified that he has greatly reduced peripheral vision; however, he testified that he is still able to drive to work every day.
 

 The wife also testified to an incident from July 2004 in which, she alleged, the husband had burned her with a hot frying pan. The wife testified that, during that incident, the husband was cooking vegetables on the stove and, as she reached for some water from the refrigerator, the husband turned and pressed the pan to her' breast. The wife went to the doctor the next day. The wife introduced into evidence a picture of the burns.
 

 The husband testified that the wife had approached him from behind while he was cooking, that he had turned with the pan, and that he had accidentally burned the wife. The husband testified that he had not seen the wife because of his lack of peripheral vision.
 

 After hearing ore tenus evidence, the trial court entered a final protection-from-abuse order, enjoining the husband from living at or visiting the marital residence.
 

 Issues
 

 The husband raises three issues in his appeal: (1) whether the trial court had subject-matter jurisdiction to enter its final order, (2) whether the trial court violated the husband’s due-process rights, and (3) whether the trial court had before it sufficient evidence to support its final order.
 

 Standard of Review
 

 “ ‘
 
 “
 
 ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is
 
 *795
 
 palpably erroneous or manifestly unjust.’ ” ’
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’
 
 Wattman v. Rowell,
 
 913 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’
 
 Waltman v. Rowell,
 
 913 So.2d at 1086.”
 

 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007).
 

 Analysis
 

 I. Subject-Matter Jurisdiction
 

 First, the husband argues that the trial court did not have subject-matter jurisdiction to enter its final order. Specifically, the husband argues that the trial court was divested of subject-matter jurisdiction because, the husband argues, it did not conduct a hearing within 14 days of the date on which the wife filed her petition, as required by § 30-5-6(a), Ala.Code 1975, a part of the Protection from Abuse Act, § 30-5-1 et seq., Ala.Code 1975.
 
 [1]
 

 “Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.’
 
 Black’s Law Dictionary
 
 867 (8th ed.2004). Subject-matter jurisdiction concerns a court’s power to decide certain
 
 types
 
 of cases.
 
 Wolff v. McGaugh,
 
 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘ “By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.” ’ (quoting
 
 Cooper v. Reynolds,
 
 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code.
 
 See United States v. Cotton,
 
 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case).”
 

 Ex parte Seymour,
 
 946 So.2d 536, 538 (Ala.2006).
 

 Under the Alabama Constitution, a circuit court “shall exercise general jurisdiction in all cases except as may otherwise be provided by law.” Art. VI, § 142(b), Ala. Const.1901 (Off.Recomp.) (formerly Amend. No. 328, § 6.04(b), Ala. Const. 1901). The Protection from Abuse Act defines the term “court” as “[t]he circuit court, or when the circuit court judge is unavailable, the district court.” § 30-5-2(a)(3). Section 30-5-3(a) provides that “[t]he courts, as provided in this chapter, shall have jurisdiction over all proceedings under this chapter.” Section 30-5-5(a) provides that “[a]ny plaintiff may seek relief under this chapter ... by filing a petition with the court of proper jurisdiction alleging abuse by the defendant.” Thus, the Alabama Constitution and the Protection from Abuse Act grant the circuit courts subject-matter jurisdiction to adjudicate proteetion-from-abuse petitions.
 

 The question whether § 30-5-6(a) then acts to divest a circuit court of its subject-matter jurisdiction if it does not hold a hearing within 14 days of the filing of the petition is a question of statutory construction and intent.
 

 
 *796
 
 “ ‘[The Alabama Supreme] Court has held that the fundamental rule of statutory construction is to ascertain and give effect to the intent of the Legislature in enacting a statute.... If possible, a court should gather the legislative intent from the language of the statute itself. ... The legislative intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained by its passage.’ ”
 

 Edwards v. Kia Motors of America, Inc., 8
 
 So.3d 277, 280 (Ala.2008) (quoting
 
 Norfolk S. Ry. v. Johnson,
 
 740 So.2d 392, 396 (Ala.1999)). The Protection from Abuse Act states, in part, that it
 

 “shall be liberally construed and applied to promote ... the following purposes:
 

 “(1) To assure victims of domestic violence the maximum protection from abuse that the law can provide.
 

 “(2) To create a flexible and speedy remedy to discourage violence and harassment against family members or others with whom the perpetrator has continuing contact.”
 

 § 30-5-l(b). In addition, § 30-5-6(c) expressly allows a circuit court to continue a hearing and to extend its temporary orders beyond the 14-day period described in § 30-5-6(a).
 
 [2]
 
 Thus, we read the requirement in § 30-5-6(a) to hold a hearing within 14 days of the filing of a petition, together with the allowance in § 30-5-6(c) for the circuit court to continue such a hearing, as an attempt to further the legislative intent to “create a flexible and speedy remedy.” If we adopted the husband’s interpretation of the Protection from Abuse Act — that § 30-5-6(a) divests a circuit court of subject-matter jurisdiction if it does not hold a hearing within 14 days — a circuit court’s temporary order would become void and the spouse seeking protection from abuse would be required to refile his or her petition for a protection-from-abuse order. This could potentially expose the spouse seeking protection to further abuse and, thus, would run counter to the expressed intent of the Protection from Abuse Act “[t]o create a flexible and speedy remedy to discourage violence and harassment against family members.” § 30-5-l(b)(2). Therefore, although the trial court’s failure in this case to hold a hearing within 14 days of the filing of the wife’s petition may have been error, it did not divest the trial court of its subject-matter jurisdiction over the case.
 

 II. Due Process
 

 The husband next argues that the trial court’s failure to conduct a hearing within 14 days of the filing of the wife’s petition violated his right to due process under Art. I, § 13, of the Alabama Constitution of 1901 and the 14th Amendment to the United States Constitution. However, the record does not indicate that the husband raised this issue before the trial court.
 

 “ ‘The rule is well settled that a constitutional issue must be raised at the trial level and that the trial court must be given an opportunity to rule on the issue, or some objection must be made to the failure of the court to issue a ruling, in order to properly preserve that issue for appellate review.’ ”
 

 Yeager v. Lucy,
 
 998 So.2d 460, 463 (Ala.2008) (quoting
 
 Cooley v. Knapp,
 
 607 So.2d 146, 148 (Ala.1992)). Because the husband failed to raise this issue in the trial court,
 
 *797
 
 it has not been preserved for appellate review.
 

 III. Sufficiency of the Evidence
 

 Finally, the husband argues that the trial court did not have sufficient evidence before it to enter the protection-from-abuse order. Section 30-5-6(a) requires the petitioner to “prove the allegation of abuse by a preponderance of the evidence.” The trial court heard ore tenus evidence before entering its final protection-from-abuse order. The parties do not dispute that the wife fell and suffered injuries on July 7, 2008, or that she suffered burns from a frying pan in July 2004; however, the husband’s and the wife’s versions of events regarding the two incidents were wholly incompatible.
 

 “In an ore tenus proceeding before the trial court, ‘[t]he trial court is in the best position to observe the demeanor of witnesses and to assess their credibility.’
 
 Yellow Freight Sys., Inc. v. Green,
 
 612 So.2d 1209, 1211 (Ala.Civ.App.1992). It was the duty of the trial court, as the trier of fact, to resolve any conflicts jn the evidence.
 
 Harden v. Harden,
 
 418 So.2d 159, 161 (Ala.Civ.App.1982).”
 

 Petrey v. Petrey,
 
 989 So.2d 1128, 1134 (Ala.Civ.App.2008). Thus, the trial court could have reasonably concluded that the wife’s testimony was more credible than the husband’s. “ ‘[T]his court is not permitted to reweigh the evidence on appeal or to substitute its judgment for that of the trial court.’ ”
 
 Schiesz v. Schiesz,
 
 941 So.2d 279, 289 (Ala.Civ.App.2006) (quoting
 
 Sellers v. Sellers,
 
 893 So.2d 456, 461 (Ala.Civ.App.2004)). Accordingly, we conclude that the trial court’s judgment was supported by sufficient evidence, and its judgment is due to be affirmed as to this issue.
 

 Conclusion
 

 The trial court had subject-matter jurisdiction to enter a final proteetion-from-abuse order, the husband failed to preserve the issue whether he was denied due process, and the trial court’s judgment was supported by sufficient evidence. We, therefore, affirm the trial court’s judgment. The wife’s request for attorney’s fees on appeal is granted, and we award the wife $500 in attorney’s fees.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Section 30-5-6(a) provides that, "[w]ithin 14 days of the filing of a petition under this chapter a hearing shall be held at which the plaintiff shall prove the allegation of abuse by a preponderance of the evidence.”
 

 [2]
 

 . Section 30-5-6(c) provides: “If a hearing under [§ 30-5-6(a)] is continued, the court may make or extend temporary orders under [§ 30-5-6(b)] as it deems reasonably necessary."