MOORE, Judge,
concurring in the result.
I agree that the judgment of the trial court is due to be affirmed, but I do so for reasons different than those set out in the main opinion.
The only issue raised by Moore on appeal is that the trial court erred by dismissing his habeas corpus petition without giving him at least 14 days’ notice as required by Rule 4(b), Ala. R. Civ. P. Moore failed to file a postjudgment motion and failed to otherwise raise that issue before the trial court. “ ‘[I]t is a well-settled rule that an appellate court’s review is limited to only those issues that were raised before the trial court. Issues raised for the first time on appeal cannot be considered.’ ” Neal v. Neal, 856 So.2d 766, 778 (Ala.2002) (quoting Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994)).
Moreover, because Moore was denied proper notice of the trial court’s intention to dismiss his petition, his argument is properly interpreted as a procedural-due-process claim. See Hosey v. Lowery, 911 So.2d 15, 18 (Ala.Civ.App.2005) (“the dismissal of the plaintiffs’ claims against Lowery, without notice or a hearing, violated the plaintiffs’ due-process rights”); and Alabama Republican Party v. McGinley, 893 So.2d 337, 344 (Ala.2004) (defining “procedural due process” as “assuring, regardless of the outcome, that a state actor fairly followed a particular procedure”).
“ ‘The rule is well settled that a constitutional issue must be raised at the trial level and that the trial court must be given an opportunity to rule on the issue, or' some objection must be made to the failure of the court to issue a ruling, in order to properly preserve that issue for appellate review.’ ”
Yeager v. Lucy, 998 So.2d 460, 463 (Ala.2008) (quoting Cooley v. Knapp, 607 So.2d 146, 148 (Ala.1992)). Because Moore failed to raise before the trial court the trial court’s failure to provide him proper notice before dismissing his habeas corpus petition, I conclude that Moore failed to preserve that argument for appeal. See Wu v. Wu, 37 So.3d 792, 796-97 (Ala.Civ.App.2009) (issue was not preserved for appellate review because husband failed to raise before the trial court his argument that trial court’s failure to conduct a hearing within 14 days of the filing of the wife’s petition for protection from abuse violated his right to due process). I would, therefore, affirm the trial court’s judgment without reaching the merits of Moore’s argument. Because I agree that the trial court’s judgment is due to be affirmed, I concur in the result.