MURDOCK, Justice
(dissenting).
I do not read the statement appearing at the end of the opinion in Ex parte Christopher, 145 So.3d 60 (Ala.2013), and quoted in the main opinion here, 145 So.3d at 71, describing the applicability of Christopher to cases then pending on appeal as intending to free' postminority-educational-sup-port litigants from the effect of the well establishedi principle regarding preservation of arguments described by the Court of Civil Appeals in Morgan v. Morgan, 183 So.3d 945 (Ala.Civ.App.2014). See 184 So.3d at 341-42 (Shaw, J., dissenting and quoting Morgan v. Morgan).
SHAW, Justice
(dissenting).
I respectfully dissent.
In Morgan v. Morgan, 183 So.3d 945 (Ala.Civ.App.2014), the Court of Civil Appeals addressed an argument in that case as to the applicability of Ex parte Christopher, 145 So.3d 60 (Ala.2013):
“[Challenges to the interpretation of a statute, or challenges to the constitutionality of a law or decision (however Chris *342 topher is viewed), must first be raised in the trial court and cannot be raised for the first time on appeal:
“Tt is well settled that an issue cannot be raised for the first time on appeal
“ ‘ “The rule is well settled that a constitutional issue must be raised at the trial level and that the trial court must be given an opportunity to rule on the issue, or some objection must be made to the failure of the court to issue a ruling, in order to properly preserve that issue for appellate review. This Court sue-cinctly stated this rule as follows:
“‘“‘In order for an appellate court to review a constitutional issue, that issue must have been raised by the appellant and presented to and reviewed by the trial court. Additionally, in order to challenge the constitutionality of a statute, an appellant must identify and make specific arguments regarding what specific rights it claims have been violated.’
“ ‘ “Alabama Power Co. v. Turner, 575 So.2d 551 (Ala.1991) (citations omitted).”
“ ‘Cooley v. Knapp, 607 So.2d 146, 148 (Ala.1992).’
“1568 Montgomery Highway, Inc. v. City of Hoover, 45 So.3d 319, 344-45 (Ala.2010).
“In this case, the husband did not place the wife on notice that he was challenging the authority of the trial court to enter a postminority-educational-support award in the trial court. Accordingly, the wife had no opportunity to assert opposing arguments, and the trial court had no opportunity to consider or rule on the issue. Applying Christopher to vacate the postminority-educational-support award in this case would cause an unanticipated, unrequested result, because the husband did not ‘ “ ‘challenge [an] existing rule[ ] of law ... in need of reform.”” Christopher, 145 So.3d at 72. Based on the issues framed within the trial court, parties determine what facts should be discovered, decide what evidence should be presented and the manner of its presentation, and decide whether to resolve all or a portion of the dispute without a trial. Confidence in the judicial system is promoted when issues are required to be fully developed and presented to the tribunal conducting the litigation process and determining the facts and the application of law to those facts. Accordingly, we interpret the instruction from the supreme court to apply Christopher in cases still on appeal to those instances in which the issue concerning the trial court’s authority to grant such support was properly raised in the trial court. That issue was not raised in this case, and, therefore, we conclude that Christopher does not apply to this action.”
Morgan, 183 So.3d at 964-65.[2]
The record before this Court indicates that, like the appellant in Morgan, the father in the instant case did not challenge in the trial court the availability of postmi-nority educational support under Alabama law. Therefore, he waived that issue, and it is not properly before us.
MURDOCK, J., concurs.

. The appellant in Morgan sought certiorari review (case no. 1131206). The certiorari petition, among other things, challenged the Court of Civil Appeals’ holding that Christopher did not apply. This Court denied certio-rari review as to that ground. The petition was granted on other grounds and is currently pending before this Court.