13 So.2d 420

**CLAYTON et al. v. STATE.**

7 Div. 724.

Supreme Court of Alabama.

Nov. 5, 1942.

Rehearing Denied Dec. 17, 1942.

Wm. N. McQueen, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the petition.

Reed & Reed, of Centre, opposed.

GARDNER, Chief Justice.

Defendants were jointly indicted, tried and convicted of the crime of rape. The Court of Appeals reversed their conviction on two grounds. The first relates to the action of the trial court in denying the motion for a continuance. The grounds of the motion are set out in detail and the proof upon which the motion is based is made to appear. The holding is the trial court abused its discretion in this regard.

We are unable to agree. The affidavits offered were all of similar import. They contain many statements of opinions or conclusions of the affiants which are to be accorded little weight. 22 C.J.S., Criminal Law, § 511. Affiants state they have heard many exaggerated statements concerning the crime. But there is no pretense of any demonstration of prejudice against defendants or any fact tending to show a fair trial was unattainable, nor any indication in the opinion that there was any difficulty in securing a jury free from prejudice or influence of any character. And our statute, Title 30, § 52, Code 1940, designed to secure to a defendant a jury free from any bias or prejudice should be kept in mind.

The case of Seay v. State, 207 Ala. 453, 93 So. 403, cited in the opinion of the Court of Appeals, is so widely variant in the facts that it cannot be said to have application here. The rule governing questions of this character is well stated in 16 C.J. 484 and reproduced in Fountain v. State, 135 Md. 77, 107 A. 554, 556, 5 A.L.R. 908, 913, as follows: "In any event such excitement must be such that its natural tendency would be to intimidate or swerve the jury; and as the court in which the case is pending can much better determine the propriety of a postponement on this ground than can the appellate court, it requires a very strong showing to induce the upper court to interfere." See, also, 22 C.J.S., Criminal Law, § 497.

Confessedly the matter of continuance was one resting in the sound discretion of the trial court and is to be disturbed only in event of an abuse of that discretion. Arant v. State, 232 Ala. 275, 164 So. 540; Jackson v. State, 229 Ala. 48, 155 So. 581; Milligan v. State, 208 Ala. 223, 94 So. 169. And some of our authorities use the expression "palpable abuse" (Burns v. State, 226 Ala. 117, 145 So. 436), and others "gross abuse" of discretion (Peterson v. State, 231 Ala. 625, 166 So. 20), but all tend to show that it requires "a very strong showing" to upset the ruling of the trial court in this respect. 16 C.J. 451; 22 C.J.S., Criminal Law, § 482.

Our decisions are in accord with the generally prevailing view as disclosed from

12

the following excerpt as found in 16 C.J. 453: "And while it is not necessary, to constitute abuse, that the court shall act wickedly or with intentional unfairness, it is essential to show that it has committed a clear or palpable error, without the correction of which manifest injustice will be done. Since the court trying the cause is, from personal observation, familiar with all the attendant circumstances, and has the best opportunity of forming a correct opinion upon the case presented, the presumption will be in favor of its action, and in no case will the exercise of this discretion be reviewed where it manifestly appears that justice has been done without sacrificing the rights of defendant. The opinion that the trial court might, in view of all the facts shown, very consistently have granted the continuance will not of itself be sufficient to authorize a reversal." See, also, 22 C.J.S., Criminal Law, § 482.

Many of our cases are to be found in the note to 16 C.J. 451, 22 C.J.S. Criminal Law, § 482.

We forego further discussion or citation of authority. Suffice it to say we are not in harmony with the holding that any reversible error in this respect was committed.

As to the second ground of reversal little need be said. The opinion of the Court of Appeals in this regard appears to be based upon the theory that because the prosecutrix testified that both defendants (one following the other in quick succession) assaulted her, there could be no conviction under an indictment in which they are jointly charged with the offense. With the general rule of law broadly stated in the opinion we find no cause for disagreement. 31 C.J. 755 § 316; Townsend v. State, 137 Ala. 91, 93, 34 So. 382.

But this reasoning overlooks the theory upon which the State proceeded in this case to the effect that defendant Clayton first assaulted the prosecutrix and defendant Daniel aided and abetted in this assault and conspired with Clayton to lure the husband away from home in order to leave Clayton free to commit the offense.

Of course, as well known, our statute, Title 14, § 14, Code 1940, long since abolished, in felony cases, the distinction between an accessory before the fact and a principal and relegates to the class of the principal, as in misdemeanors, all persons concerned in the commission of a felony, whether they directly commit the act or aid or abet in its commission, though not present. McMahan v. State, 168 Ala. 70, 53 So. 89; Patterson v. State, 234 Ala. 342, 175 So. 371.

And as here directly in point is the following from 52 C.J. 1036: "Although two persons cannot be jointly guilty of a single joint rape, because by the very nature of the act individual action is necessary, all persons present aiding and abetting another in the commission of rape are guilty as principals and punishable equally with the actual perpetrator of the crime. One who assists, procures, or counsels another to commit rape and is absent when it is committed is guilty as an accessary before the fact, except that, where the distinction between principals and accessaries is abolished by statute, he is guilty as a principal even if absent during its commission. It is immaterial that the aider and abettor is disqualified from being the principal actor by reason of age, sex, condition, or class."

It is clear, therefore, that the mere fact the prosecutrix may say in this case that defendant Daniel also assaulted her would in no manner affect the proof as to the first assault by defendant Clayton if in fact Daniel aided and abetted therein.

The case of People v. Richie, 317 Ill. 551, 148 N.E. 265, 268, upon which the opinion lays some stress, supports the view we have stated. The Illinois Court held in the Richie case, supra, there was lacking any proof tending to show any "concert of action or an aiding or abetting of one by the other", and it is expressly therein stated: "It is proper to join two or more defendants in the same indictment, where they commit the same offense as principals, *or where they act as principal and accessory.*" (Italic supplied)

We cannot agree, therefore, that any error was committed in refusing charges based upon a contrary theory. These rulings were assigned among others, as grounds for a new trial, and we interpret the Court of Appeals opinion in the concluding sentence as having reference to these matters and none other.

It results that the writ is due to be granted, and the judgment of the Court of Appeals reversed and the cause remanded to that Court for further proceedings therein.

Writ awarded.

Reversed and remanded.

All Justices concur, except LAWSON, J., not sitting.