D.A. ("the father") appeals from judgments terminating his parental rights as to Kha.A., who was born on November 24, 1995; Dw.A., who was born on December 25, 1996; and Khu.A., who was born on March 12, 1998 (collectively, "the children").[1]
In February 2006, the Calhoun County Department of Human Resources ("DHR") filed a petition to terminate the parental rights of the children's mother, Da.A. ("the mother"), and the father. In that pleading, DHR alleged that the children had been in DHR's custody since December 2003, that reasonable efforts to rehabilitate the parents had failed, and that the parents had failed to adjust their circumstances to meet the needs of the children. The petition further alleged that the last known address for the father was in New York and that he had failed to maintain consistent contact with the children.
On October 16, 2006, the juvenile court conducted a termination-of-parental-rights hearing. At the outset, both the father and the mother were represented by appointed counsel. Although the mother was present, the father was not. The father's attorney made two oral motions on the record before trial: first, the attorney requested that the juvenile court continue the hearing because of a sudden snowstorm in Buffalo, New York, that purportedly had prevented the father from taking a bus south to Alabama to attend the proceeding. The second motion requested that the juvenile court dismiss the termination-of-parental-rights proceeding against the father because, the attorney claimed, the father had not received proper notice of the proceeding.
The juvenile court denied the continuance request and addressed the notice issue. Upon questioning, a court officer, Judy Harbin, informed the court that the father had been served by publication in February 2006 and that, after a correct address had been obtained, the father had been served by personal service on March 31, 2006. The juvenile court then determined that the motion to dismiss was due to be denied and relieved the father's counsel of any further obligation to represent the father at the hearing.
Two days later, the juvenile court issued three form judgments styled "Order on Petition for Termination of Parental Rights" to be entered in the court file; those forms had been completed by the judge, and each form terminated the mother's and the father's rights as to one child. No postjudgment motions were filed, and only the father appeals.[2]
The father's first contention is that the juvenile court erred when it denied his motion to continue on the day of the hearing. "Whether to grant or to deny a motion to continue in a termination-of-parental-rights case is within the discretion of the court and its decision will not be reversed absent a showing that the court has abused its discretion." S.C.D. v. EtowahCounty Dep't of Human Res., 841 So.2d 277, 278
(Ala.Civ.App. 2002). *Page 504 
The record contains a lengthy conversation between the juvenile-court judge and the father's counsel regarding a recent snowstorm in New York that the father referenced as the reason for his absence and his need to seek a continuance. The juvenile court initially noted that the father had been present at a previous court date when the October hearing date had been set and that the father had stated that he was in the process of moving from New York back to Alabama. The juvenile court also stated that on other occasions the father had not been truthful with the court, that the proceeding had been continued previously, and that the father had been informed of the date of the termination-of-parental-rights hearing with sufficient advance notice to leave New York for Alabama by bus before the snowstorm had arrived. Later during the hearing, the juvenile court noted on the record that a telephone call to Greyhound Bus Lines had revealed that all bus routes between New York and Alabama were open; the juvenile court noted that the father had failed to show a good reason for the trial to be continued.
As a general rule, continuances are not favored under Alabama law. See, e.g., Patterson v. Liz Claiborne, Inc.,872 So.2d 181 (Ala.Civ.App. 2003), and M.S. v. State Dep't ofHuman Res., 648 So.2d 584 (Ala.Civ.App. 1994). Moreover, "the paramount concern in [termination-of-parental-rights] proceedings is the best interests of the child[ren]." P.W.v. Houston County Dep't of Human Res., 771 So.2d 1057, 1059
(Ala.Civ.App. 2000). In addition, Alabama law stipulates that, in juvenile cases, "[c]ontinuances shall be granted by the court only upon a showing of good cause." Ala. Code 1975, § 12-15-68. Based upon a thorough review of the record in this case, we conclude that the juvenile court could properly have determined that the father failed to provide a good cause for continuing the proceeding again in light of the juvenile court's previous experience with the father and the children's need for stability and permanency. Thus, we conclude that the juvenile court did not act outside its discretion when it denied the father's request for a continuance.
The father also attempts to assert substantive arguments that the juvenile court erred (1) in dismissing his appointed attorney before conducting the termination-of-parental-rights hearing and (2) in terminating his parental rights when, he claims, DHR failed to present clear and convincing evidence that termination of his parental rights as to the children was necessary. Because the father neither attended the parental-rights-termination hearing nor filed a postjudgment motion, neither of those contentions were presented to the juvenile court; therefore, the record does not reflect any adverse ruling made by that court that is preserved for appellate review. The oft-quoted and long-standing rule is that an appellate court may not consider an issue raised for the first time on appeal. See Ex parte Weaver,871 So.2d 820, 823 (Ala. 2003); W.C. v. State Dep't of Human Res.,887 So.2d 251 (Ala.Civ.App. 2003); and Centers v. JacksonCounty Dep't of Pensions Sec, 472 So.2d 1069, 1070
(Ala.Civ.App. 1985). "`[A juvenile] court should not be placed in error [by an appellate court] on matters which the record reveals it neither ruled upon nor was presented the opportunity to rule upon'" at trial or in a post-judgment motion. J.K.v. Lee County Dep't of Human Res., 668 So.2d 813, 817
(Ala.Civ.App. 1995) (quoting Wilson v. State Dep't of HumanRes., 527 So.2d 1322, 1324 (Ala.Civ.App. 1988)); seealso Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala. 1992).
Although we conclude that the father has not preserved any issue for appellate review beyond the issue of the juvenile court's denial of the father's continuance *Page 505 
request, the father is not without legal remedy. The father's assertion regarding the juvenile court's removal of his appointed attorney from further representation would more properly be raised as an ineffective-assistance-of-counsel argument in a Rule 60(b), Ala. R. Civ. P., motion. Our Supreme Court has noted that in termination-of-parental-rights cases, "a parent has a right to appointed counsel." Ex parteE.D., 777 So.2d 113, 115 (Ala. 2000); see also
§ 12-15-63(b), Ala. Code 1975. Inherent in that right to legal representation is the right to effective assistance of counsel. Ex parte E.D., 777 So.2d at 115; see alsoCrews v. Houston County Dep't of Pensions Sec,358 So.2d 451, 454 (Ala.Civ.App. 1978).
The only possible result of the father's direct appeals from the juvenile court's judgments based upon allegations of error not preserved for appellate review is summary affirmance.See Weaver, W.C., and J.K., supra However, our Supreme Court has explicitly endorsed the use of a Rule 60(b) motion as a valid method of challenging a termination judgment based upon claimed ineffective assistance of counsel. See Exparte E.D., 777 So.2d at 115-16. We conclude that although the father has not brought a valid substantive challenge to the termination of his parental rights to this court at this time, he is not precluded from presenting a deprivation-of-counsel argument to the juvenile court so as to establish a record on which to base a possible future appeal.
The juvenile court's judgments are due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
[1] The father's appeals have been consolidated.
[2] The record contains a judgment terminating the parental rights of the mother and the father as to T.A., another one of their children. When the mother appealed from that judgment, this court affirmed; that opinion indicates that the father abandoned T.A. See D.A. v. Calhoun County Dep't of HumanRes., 892 So.2d 963 (Ala.Civ.App. 2004).