991 So.2d 755 (2008)
A.S.H.
v.
STATE DEPARTMENT OF HUMAN RESOURCES.
2061113 and 2070309.
Court of Civil Appeals of Alabama.
April 11, 2008.
Ralph K. Strawn, Jr., of Henslee, Robertson, Strawn & Sullivan, L.L.C., Gadsden, for appellant.
Troy King, atty. gen., and Sharon E. Ficquette and Elizabeth L. Hendrix, asst. attys. gen., Department of Human Resources, for appellee.
MOORE, Judge.
A.S.H. ("the mother") appeals from a judgment of the DeKalb Juvenile Court terminating her parental rights regarding her two children (case no. 2061113).[1] She also appeals the DeKalb Circuit Court's order transferring the appeal to this court (case no. 2070309). We reverse and remand in case no. 2061113; we dismiss the appeal on the basis that it is moot in case no. 2070309.

*756 Relevant Facts and Procedural History

At the beginning of the proceedings in this case, the mother and K.H., the father of the older child, filed affidavits of substantial hardship; based on those affidavits, the juvenile court appointed one attorney to represent both parents. On November 21, 2006, the juvenile court convened for a trial on the petition to terminate the parents' parental rights filed by the DeKalb County Department of Human Resources ("DHR"). At the beginning of the trial, the following colloquy took place:
"[THE COURT:] Before going on the record, the Court was contacted by the attorney for the parents and was informed that the parents had split up and had fired [the parents' court-appointed attorney] because of their differing opinions now, I guess, and had asked the court for a continuance.
"If you all would, raise your right hand. I'd like to put you all under oath.
"(Whereupon, [the parents] were sworn as witnesses by the Court.)
"THE COURT: All right. A.S.H. when was the last time you contacted your attorney?
"[THE MOTHER]: I talked with her yesterday, briefly.
"THE COURT: All right. And so the time before that?
"[THE MOTHER]: Last week I had call[ed] ... and made an appointment.
"THE COURT: All right. So when did you  when did you split up with your husband?
"[THE MOTHER]: Approximately, three and a half weeks ago  about three weeks ago, sir.
"THE COURT: All right. So you contacted your lawyer  went to your lawyer yesterday. You called her a week ago for an appointment. Before that when was the last time you had contact with her?
"[THE MOTHER]: It was about a month and a half ago.
"THE COURT: All right. [K.H.,] now, [the same attorney] was also representing you. When have you seen her?
"[K.H.]: About a month and a half ago. And I tried to call her last week and yesterday, and I couldn't get in touch with her. She was out of the office all day.
"THE COURT: All right. Thank you. Your testimony is consistent with the attorney's representation to the Court of her contact with you. And your request for a continuance is  the Court wishes that this would proceed better, but given the child's needs for permanency, the Court is going to deny a continuance at this time and proceed let the petition for termination proceed."
Based on the denial of their motion requesting the appointment of new, separate attorneys and a continuance, the mother and K.H. were forced to proceed without an attorney.
On December 6, 2006, the parents' previously appointed attorney filed a motion to withdraw based on the following grounds:
"1. The parents have separated and are no longer residing together as husband and wife.
"2. On November 21, 2006, the parents advised the undersigned attorney that they wished to have separate counsel.
"3. The undersigned attorney believes that, under the circumstances, it would be in the best interest of the parents for them to have separate counsel.
"4. In light of the marital separation of the parties and their antagonistic feelings *757 towards one another, it is no longer possible for the undersigned attorney to adequately represent the interests of both parents, and it would be a conflict of interest for the undersigned attorney to continue representing only one of the parents."
The motion to withdraw was granted on December 7, 2006. On December 8, 2006, the juvenile court entered a judgment terminating the parental rights of the mother and K.H.
On December 20, 2006, the mother filed her notice of appeal to the DeKalb Circuit Court. On November 19, 2007, the juvenile court certified the record as adequate for the purpose of an appeal to the Court of Civil Appeals. On November 20, 2007, the circuit court transferred the mother's appeal to this court over the mother's objection to the adequacy of the record. On January 2, 2008, the mother appealed to this court, alleging that the circuit court had erred by entering its November 20, 2007, transfer order. The two appeals have been consolidated.

Discussion
Although the mother raises three issues in her initial appeal and a fourth issue in her second appeal, we find her first argument to be dispositive. The mother argues that the juvenile court erred by failing to appoint a new attorney for her after it was notified that the parents had separated and had requested the appointment of separate attorneys. We agree.
"Our Supreme Court has noted that in termination-of-parental-rights cases, `a parent has a right to appointed counsel.'" D.A. v. Calhoun County Dep't of Human Res., 976 So.2d 502, 505 (Ala. Civ.App.2007) (quoting Ex parte E.D., 777 So.2d 113, 115 (Ala.2000)). "Inherent in that right to legal representation is the right to effective assistance of counsel." D.A. v. Calhoun Count Dep't of Human Res., 976 So.2d at 505. When an attorney has an actual conflict of interest that would adversely affect that attorney's performance, the right to effective assistance of counsel is compromised. Byrdsong v. State, 822 So.2d 470, 474 (Ala.Crim.App. 2000). In the present case, the attorney stated that, because the mother and K.H. had separated, she could not "adequately represent the interests of both parents, and it would be a conflict of interest for the undersigned attorney to continue representing only one of the parents." Accordingly, the parents' right to "effective assistance of counsel" required the appointment of separate attorneys to represent the parents.
DHR argues, however, that the mother's failure to timely communicate with her attorney could have been perceived by the juvenile court as a delay tactic. We disagree. The mother and K.H. separated three weeks before the trial. They had attempted to contact their attorney two weeks after they separated. Even if the parents had contacted their attorney at the moment of their separation, the juvenile court would have had to rule on the attorney's motion to withdraw and appoint separate attorneys for the parents. The new attorneys would have needed additional time in which to familiarize themselves with the case and, thus, would have needed a continuance of the trial. Accordingly, any delay in the parents' contacting their attorney probably would not have had any effect on whether the juvenile court would need to continue the case.
Based on the foregoing, we conclude that the mother was denied her right to "effective assistance of counsel" at the trial on DHR's petition to terminate her parental rights. We therefore reverse the judgment of the juvenile court terminating the *758 mother's parental rights and remand that cause (case no. 2061113) for further proceedings consistent with this opinion. Our disposition in case no. 2061113 renders moot the appeal in case no. 2070309.
2061113 REVERSED AND REMANDED.
2070309 APPEAL DISMISSED AS MOOT.
THOMPSON, P.J., and BRYAN, J., concur.
PITTMAN, J., concurs in the result as to case no. 2061113 and concurs specially as to case no. 2070309, with writing.
THOMAS, J., concurs in the result, without writing.
PITTMAN, Judge, concurring in the result as to case no. 2061113 and concurring specially as to case no. 2070309.
As to case no. 2061113, the transferred appeal from the judgment of the DeKalb Juvenile Court, I concur in the result. As to case no. 2070309, the appeal from the DeKalb Circuit Court's order of transfer, I concur in the dismissal. I write specially to note that the mother's appeal in case no. 2070309 would also have been susceptible to dismissal as having been untimely filed. See R.M. v. J.D.C., 925 So.2d 970, 972 (Ala.Civ.App.2005) (dismissing appeal from judgment entered by circuit court in case originating in juvenile court when notice of appeal from circuit court's judgment was not filed within 14 days of that judgment).
NOTES
[1] The mother's husband, K.H., is the father of the older child; the father of the younger child is deceased. K.H.'s parental rights regarding the older child were terminated at the same time the mother's parental rights were terminated. K.H., however, has not appealed.