PITTMAN, Judge.
S.J. (“the mother”) appeals from a judgment of the Limestone Juvenile Court terminating her parental rights as to a minor child, P.J. (“the child”), born to the mother in 1999.
In April 2009, the Limestone County Department of Human Resources (“DHR”) filed a petition in the juvenile court seek *305 ing the termination of the parental rights of the mother as to the child. DHR averred, in pertinent part, that the child had been adjudicated dependent in May 2008 and had been in foster care since that time; that the mother had “a criminal history that include[d] multiple theft charges, multiple [possession-of-forged-instrument] charges, domestic violence, public intoxication, and criminal trespass”; that the mother was “in the Madison County jail on a bond revocation” proceeding; that the mother had “failed to comply with the steps set forth in [an individualized service] plan for the family”; that the mother had “willfully neglected the needs of [the] child”; that the mother had failed to provide support for, or provide for the material needs of, the child; that the mother had failed to “maintain consistent contact or communication” with the child and had failed to make efforts to adjust her circumstances to meet the needs of the child pursuant to agreements reached with DHR; that no relative resources existed for the child; and that the mother was not, and was likely to never be, able to “provide a fit and suitable home” for the child. The juvenile court directed both the mother and A.M., the child’s father, to appear in the action, and it appointed a guardian ad litem for the child and counsel for the mother.
During the pendency of the action, the mother was incarcerated on criminal charges; despite that incarceration, she sought, and was granted, leave from the juvenile court to be transported to a preliminary hearing in the case on September 25, 2009. On November 3, 2009, the case was set for a final hearing on DHR’s petition on January 14, 2010. Just before that scheduled hearing, the mother filed a written motion to continue the trial, averring that she was attending a residential drug-treatment facility for between six months and one year; that motion was denied on January 12, 2010. At the start of trial, the juvenile court noted that that motion had been filed and that it had been denied, whereupon counsel for the mother again moved for a continuance. The juvenile court denied the mother’s renewed request. Immediately thereafter, counsel for the mother moved to withdraw from his representation, and the juvenile court granted that motion.
After hearing testimony from witnesses called by DHR, the juvenile court entered a judgment on January 19, 2010, terminating the parental rights of the mother and the father.[1] The mother thereafter sent several handwritten letters to court officials in early February 2010, after the 14-day period for appealing had run, prompting the appointment of new counsel; the mother, acting through that new counsel, then successfully moved for relief under Rule 77(d), Ala. R. Civ. P., permitting the taking of an appeal out of time because of excusable neglect, and the mother timely appealed after that relief had been granted.[2] The juvenile-court judge has certified the record as adequate for appellate review pursuant to Rule 28(A), Ala. R. Juv. P., and we thus have appellate jurisdiction.
The mother raises two issues, neither of which pertains to the substantive correctness of the juvenile court’s conclusion, drawn from the evidence presented *306 during the ore tenus proceeding, that the termination petition was due to be granted. The mother’s first contention is that she was denied due process because the juvenile court held its hearing on DHR’s termination petition in her absence and after having allowed her appointed attorney to withdraw from his representation at the start of trial. She analogizes her situation to that of an incarcerated pro se civil litigant, in which context we have held that an opportunity to present evidence by deposition satisfies due-process minima if a party cannot attend a trial because of his or her incarceration. See, e.g., Eastman v. Eastman, 429 So.2d 1058, 1058-59 (Ala.Civ.App.1983).
However, the mother’s first contention fails, both substantively and procedurally. First, although the mother strenuously argues that she was not given the opportunity to testify by deposition, DHR correctly notes that the mother was not “confined in prison” within the scope of Rules 30(a) and 31(a), Ala. R. Civ. P., dealing with the necessity of leave of court for deposing prisoners; thus, for all that appears in the record, we must agree with DHR’s contention that the mother (and her attorney during pretrial representation) had at all times the unilateral right to notice her own deposition and to present a transcript of that testimony in lieu of her own attendance at trial. Second, the mother made no contention in the juvenile court, either at trial through her attorney before his withdrawal or at the post-judgment stage, that that court’s proceeding to decide whether to grant the termination petition amounted to a due-process deprivation. “It has long been the law in this state that constitutional questions not raised in the court below will not be considered for the first time on appeal.” Smith v. State Dep’t of Pensions & See., 340 So.2d 34, 37 (Ala.Civ.App.1976); accord J.K. v. Lee County Dep’t of Human Res., 668 So.2d 813, 817 (Ala.Civ.App.1995) (declining to reach ineffective-assistance-of-counsel issue because that issue had not been presented to the juvenile court).
The dissenting opinion, citing our decision in J.A.H. v. Calhoun County Department of Human Resources, 846 So.2d 1093 (Ala.Civ.App.2002), suggests that the mother’s right to counsel was sufficiently “fundamental” that we should not, in this case, adhere to the principle that an issue must be properly preserved and presented for appellate review. The appealing parent in J.A.H. asserted a right to replacement appointed counsel after his initial appointed attorney had been permitted to withdraw; in that case, the juvenile court squarely denied such a request as being “untimely” when it was made on the day of trial. Here, all that has been presented to the juvenile court, and ruled upon adversely to the mother, is a continuance request — one based upon the purported unavailability either of the mother’s personal attendance (which was not required) or of alternative means of presenting evidence (which were clearly available to her but were not utilized).
Under similar circumstances involving a trial-day withdrawal of appointed counsel, we held three years ago in D.A. v. Calhoun County Department of Human Resources, 976 So.2d 502 (Ala.Civ.App.2007), that direct appellate review was foreclosed:
“The father ... attempts to assert substantive arguments that the juvenile court erred (1) in dismissing his appointed attorney before conducting the termination-of-parental-rights hearing and (2) in terminating his parental rights when, he claims, DHR failed to present clear and convincing evidence that termination of his parental rights as to the children was necessary. Because the *307 father neither attended the parental-rights-termination hearing nor filed a postjudgment motion, neither of those contentions were presented to the juvenile court; therefore, the record does not reflect any adverse ruling made by that court that is preserved for appellate review. The oft-quoted and long-standing rule is that an appellate court may not consider an issue raised for the first time on appeal. ‘ “[A juvenile] court should not be placed in error [by an appellate court] on matters which the record reveals it neither ruled upon nor was presented the opportunity to rule upon” ’ at trial or in a postjudgment motion.
“Although we conclude that the father has not preserved any issue for appellate review beyond the issue of the juvenile court’s denial of the father’s continuance request, the father is not without legal remedy. The father’s assertion regarding the juvenile court’s removal of his appointed attorney from further representation would more properly be raised as an ineffective-assistance-of-counsel argument in a Rule 60(b), Ala. R. Civ. P., motion. Our Supreme Court has noted that in termination-of-parental-rights cases, ‘a parent has a right to appointed counsel.’ Inherent in that right to legal representation is the right to effective assistance of counsel.
“The only possible result of the father’s direct appeals from the juvenile court’s judgments based upon allegations of error not preserved for appellate review is summary affirmance. However, our Supreme Court has explicitly endorsed the use of a Rule 60(b) motion as a valid method of challenging a termination judgment based upon claimed ineffective assistance of counsel. We conclude that although the father has not brought a valid substantive challenge to the termination of his parental rights to this court at this time, he is not precluded from presenting a deprivation-of-counsel argument to the juvenile court so as to establish a record on which to base a possible future appeal.”
976 So.2d at 504-05 (citations omitted). Although we in no way wish to condone the behavior of the mother’s trial counsel in simply “throwing up his hands” and seeking immediate withdrawal in the face of an adverse ruling or to express agreement with the juvenile court’s decision to grant that withdrawal request, we are constrained by principles of appellate review to affirm the judgment as to the mother’s due-process argument.
The mother’s second contention is that the juvenile court erred in denying the written and renewed oral motions seeking a continuance of the trial based upon her absence from trial. “ ‘Whether to grant or to deny a motion to continue in a termination-of-parental-rights case is within the discretion of the court and its decision will not be reversed absent a showing that the court has abused its discretion.’ ” D.A., 976 So.2d at 503 (quoting S.C.D. v. Etowah County Dep’t of Human Res., 841 So.2d 277, 278 (Ala.Civ.App.2002)). We further noted in D.A. that, “[a]s a general rule, continuances are not favored under Alabama law.”[3] 976 So.2d at 504.
*308 Here, the juvenile court opined, upon its review of the mother’s written motion to continue and a letter attached as an exhibit to that motion (which documents do not appear in the record), that the necessity of the mother’s remaining on the premises of the provider of her inpatient-drug-treatment program was required so as to prevent her from attending trial, even in the custody of agents of the program’s provider, had not been demonstrated. The juvenile court noted that there had been “nothing in the letter to indicate that she couldn’t come,” and it observed that the letter had “just said that [she had been] a client” without also stating that officials would “drop her from the program” if she attended trial. From that evidence, and based on the juvenile court’s own previous experience involving agents of treatment centers that had “accompanied] people for important court hearings,” that court concluded that the mother’s absence was voluntary and that a continuance was not warranted. We note that, by the time of trial in January 2010, the juvenile court had already allowed the mother, on her counsel’s motion, to be transported from jail to attend an earlier hearing, yet the record contains no indication that the mother sought a similar transport order from the juvenile court in the days before trial.
In D.A., we upheld a juvenile court’s determination that a parent’s absence from a termination trial was an insufficient basis for granting a continuance when the record indicated a previous continuance and contained evidence tending to show that the parent’s absence was a product of vol-untariness. Similarly, in this case, we agree with DHR that the mother has failed to show that the juvenile court acted outside the limits of its discretion in proceeding with a scheduled trial notwithstanding the mother’s claim that her absence from trial was excusable. We thus conclude that the juvenile court did not err to reversal in denying the written and oral motions to continue.
Based upon the foregoing facts and authorities, we conclude that the juvenile court’s judgment is due to be affirmed.
AFFIRMED.
THOMAS, J., concurs.
BRYAN, J., concurs in the result, without writing.
MOORE, J., concurs in part and concurs in the result, with writing.
THOMPSON, P.J., dissents, with writing.

. The father has not appealed.

. Because no objection to the juvenile court's grant of leave has been asserted in the juvenile court or in this court so as to warrant examination of the validity of that ruling, and because the mother's notice of appeal was filed within 30 days after the original appeal deadline, we treat the appeal as timely. See generally F.G. v. State Dep't of Human Res., 988 So.2d 555, 558-60 (Ala.Civ.App.2007) (main opinion and special concurrence).

. In D.A., we also cited Ala.Code 1975, § 12-15-68, as additional authority warranting af-firmance. That statute, which provided that continuances in juvenile proceedings were properly to be granted "only upon a showing of good cause,” was repealed by the Alabama Juvenile Justice Act, Act No. 2008-277, Ala. Acts 2008, which became effective January 1, 2009. The repeal of § 12-15-68 does not, however, affect those portions of D.A. discussing other legal principles pertaining to contin *308 uances and appellate review of decisions on continuance requests.