DONALDSON, Judge,
concurring in part and dissenting in part.
I concur in that portion of the main opinion reversing the juvenile court’s judgment as to child support and remanding the case for a determination of the amount of child support to be paid pursuant to Rule 32, Ala. R. Jud.' Admin. I respectfully dissent from that portion of the opinion reversing the order of visitation between K.B., the father, and A.B., his minor child.
In this case, the trial court conducted an evidentiary hearing to determine whether visitation should be established between the father and the child, personally observed and heard sworn testimony from the adult parties, judged the credibility of the witnesses, considered the impact of a visitation order upon the child, and rendered a decision finding that the father should have limited unsupervised visitation with his child. In the written order establishing the specific visitation schedule and terms, the trial court acknowledged the arguments against unsupervised visitation but declined to accept those arguments. I agree that the guiding principle in a case such as this one is to determine what is in “ ‘the child’s best interests.’ ” C.O. v. S.O., 85 So.3d 460, 465 (Ala.Civ.App.2011) (quoting Y.N. v. Jefferson Cnty. Dep’t of Human Res., 67 So.3d 76, 83 (Ala.Civ.App.2011)). From my review of the record, including the transcript of the hearing, I disagree with the trial court’s decision because supervised visitation would seem to be in the best interest of the child. But that is a finding of fact for the trial court to make, and a finding that an appellate court is prohibited from making. Ex parte R.T.S., 771 So.2d 475, 476-77 (Ala.2000) (noting that the appellate court must not engage in fact-finding or “reweigh the evidence and substitute its judgment for that of the trial court”). A trial court’s discre *357 tionary ruling must be affirmed if it is supported by “any credible evidence.” Ex parte D.W.W., 717 So.2d 793, 795 (Ala.1998). To reverse that ruling, we must determine that the trial court “ ‘ “committed a clear or palpable error, without the correction of which manifest injustice will be done.” ’ ” D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007) quoting in turn Clayton v. State, 244 Ala. 10, 12, 13 So.2d 420, 422 (1942), (quoting 16 C.J. 453). I cannot hold that the decision to permit limited unsupervised visitation between the father and his child was clearly and palpably wrong and creates a “manifest injustice” based on the record before us. The trial court took into consideration the father’s past and weighed the arguments advanced by the maternal grandparents regarding the child’s behavior around the father, and the trial court decided that limited unsupervised visitation was consistent with the best interests of the child. Permitting the father to have this visitation does not “ ‘exceed[ ] the bounds of reason, all the circumstances ... being considered.’ ” Id. (quoting Clayton v. State, 31 Ala.App. 106, 110, 13 So.2d 411, 415, rev’d on other grounds, 244 Ala. 10, 13 So.2d 420 (1942)).
Our law places the responsibility of making difficult decisions regarding child custody and visitation squarely on the shoulders of the trial judge, “who has actually seen and heard the parties and the witnesses [and] is infinitely more qualified to make a decision than an appellate court.” Ex parte D.W.W., 717 So.2d at 796-97. Because I find the trial court’s visitation order to be within the discretion afforded to that court, I respectfully dissent from the reversal of the visitation order.
PITTMAN, J., concurs.