Rel: April 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0765

_____

### J.M.L.

### v.

### Tuscaloosa County Department of Human Resources

### Appeal from Tuscaloosa Juvenile Court
### (JU-22-622.02)

LEWIS, Judge.

J.M.L. ("the mother") appeals from a judgment entered by the

Tuscaloosa Juvenile Court ("the juvenile court") terminating her parental

rights to A.H.S. ("the child").  We affirm the juvenile court's judgment.

Procedural History

On June 13, 2023, the Tuscaloosa County Department of Human Resources ("DHR") filed a petition seeking to terminate the parental rights of the mother and of S.F. ("the father") to the child. A trial was held on October 24, 2023. At the commencement of the trial, the mother's attorney made an oral request for a continuance because the mother was not present. The mother's attorney stated that she "underst[ood] from past communications with [the mother] that [the mother] has transportation problems." The juvenile court denied the request for a continuance. The juvenile court proceeded to hold a trial on DHR's petition, and the mother's attorney cross-examined the witnesses that were called to testify.

On October 26, 2023, the juvenile court entered a judgment terminating the parental rights of the mother and of the father to the child. The mother filed a postjudgment motion on October 30, 2023, pointing out, among other things, that the mother's attorney had moved for a continuance, again citing the mother's problems with transportation. The mother filed her notice of appeal with this court that same day. The notice of appeal was held in abeyance pending the denial

of the postjudgment motion, which occurred on November 3, 2023.[1]  See

Rule 4(a)(5), Ala. R. App. P.  The father did not appeal.

Discussion

On appeal, the mother argues that the juvenile court erred in denying the oral motion for a continuance made by the mother's attorney on behalf of the mother when the mother failed to appear for the trial.

Specifically, the mother sets forth arguments that the juvenile court violated her due-process rights as well as an argument that having the trial without the mother undermined the public's trust in the legal system.  We note, however, that the mother did not raise, to the juvenile court, her due-process arguments or her argument that the juvenile court's actions undermined the public's trust in the legal system.

"This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992).  However, this court in A.B. v. A.A., 334 So. 3d 223, 225 (Ala. Civ. App. 2021), reasoned:

---

[1]The juvenile court held a hearing on the mother's postjudgment motion; the mother was not present for that hearing.

"[A] judgment is deemed to be void if it is entered in a manner that is not consistent with the requirements of due process. M.G.D. v. L.B., 164 So. 3d 606, 611 (Ala. Civ. App. 2014); M.G. v. J.T., 90 So. 3d 762, 764 (Ala. Civ. App. 2012); and M.H. v. Jer. W., 51 So. 3d 334, 337 (Ala. Civ. App. 2010). This court lacks jurisdiction over an appeal of a void judgment because a void judgment will not support an appeal. M.H. v. Jer. W., 51 So. 3d at 338. An appellate court may address an issue raised for the first time on appeal if it implicates the subject-matter jurisdiction of the court. Health Care Auth. for Baptist Health v. Davis, 158 So. 3d 397, 402 (Ala. 2013)."

We note, though, that the holding in A.B. is contrary to well-established precedents from this court and from our supreme court. In Yeager v. Lucy, 998 So. 2d 460, 463 (Ala. 2008), our supreme court held that an appellant's argument that "the trial court violated Art. I, § 10 of the Constitution of Alabama 1901, which provides '[t]hat no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party'" was not preserved for review. The supreme court explained:

> "'The rule is well settled that a constitutional issue must be raised at the trial level and that the trial court must be given an opportunity to rule on the issue, or some objection must be made to the failure of the court to issue a ruling, in order to properly preserve that issue for appellate review. This Court succinctly stated this rule as follows:
>
>> "'"In order for an appellate court to review a constitutional issue, that

4

> issue must have been raised by the appellant and presented to and reviewed by the trial court. Additionally, in order to challenge the constitutionality of a statute, an appellant must identify and make specific arguments regarding what specific rights it claims have been violated."'

"'Alabama Power Co. v. Turner, 575 So. 2d 551 (Ala.1991) (citations omitted).'

"Cooley v. Knapp, 607 So. 2d 146, 148 (Ala. 1992)."

Yeager, 998 So. 2d at 463. Additionally, in Elliott Law Group, P.A. v. Five Star Credit Union, 297 So. 3d 1148, 1153 n.6 (Ala. 2019) (Per Mitchell, J., with Sellers and Stewart, JJ., concurring), it was held that, because the appellants failed to raise the issue of due process with the trial court, that issue was waived.

In C.F. v. State Department of Human Resources, 218 So. 3d 1246, 1248 (Ala. Civ. App. 2016), C.F. argued to this court that the juvenile court's denial of her motion for a continuance violated her due-process rights. This court noted, though, that the due-process argument had not been raised to the trial court. Quoting Smith v. State Department of Pensions & Security, 340 So. 2d 34, 37 (Ala. Civ. App. 1976), this court explained: "'It has long been the law in this state that constitutional

5

questions not raised in the court below will not be considered for the first time on appeal.'" C.F., 218 So. 3d at 1248. Therefore, we did not address C.F.'s due-process argument. Multiple other opinions from this court similarly hold that issues of due process must be preserved for appellate review. See, e.g., Docen v. Docen, 294 So. 3d 767, 770 (Ala. Civ. App. 2019); Smith v. Smith, 196 So. 3d 1191, 1198 (Ala. Civ. App. 2015); A.F. v. Madison Cnty. Dep't of Hum. Res., 58 So. 3d 205, 213 (Ala. Civ. App. 2010); and Wu v. Wu, 37 So. 3d 792, 796-97 (Ala. Civ. App. 2009).

We also note that our supreme court has recently recognized that a party may attack, as void, a judgment that was entered in a manner that is inconsistent with due process by filing with the trial court a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P. See Crowder v. Blevins, [Ms. SC-2023-0445, Mar. 22, 2024] ___ So. 3d ___, ___ (Ala. 2024). Therefore, a party has a procedural vehicle through which to challenge, in the first instance, a denial of due process in the trial court.

We conclude that the precedents requiring preservation of issues of due process are well-established and well-reasoned, and the inconsistent reasoning set forth in A.B. was incorrect. Therefore, to the extent that A.B. holds that an appellant is not required to preserve a due-process

6

argument for appellate review, <u>A.B.</u> is hereby expressly overruled. We unequivocally hold, in accordance with the other well-established precedents, that issues of due process must be first presented to a trial court to be preserved for appellate review.

Accordingly, in this case, because the mother did not preserve her due-process arguments for review by this court, we will not address that issue. In addition, the mother did not preserve her argument concerning the undermining of the public's trust in the legal system. Therefore, we similarly decline to address that issue. <u>See</u> <u>Andrews</u>, 612 So. 2d at 410.

To the extent that the mother simply argues that the juvenile court exceeded its discretion in denying her motion for continuance, this court has explained:

> "A juvenile court exercises judicial discretion when ruling on a motion for a continuance, and its decision to deny a motion to continue may be reversed only upon a determination by the appellate court that the juvenile court abused its discretion. <u>See</u> <u>C.O. v. Jefferson Cnty. Dep't of Hum. Res.</u>, 206 So. 3d 621, 630 (Ala. Civ. App. 2016). A court abuses its discretion when '"it has committed a clear or palpable error, without the correction of which manifest injustice will be done."' <u>Clayton v. State</u>, 244 Ala. 10, 12, 13 So. 2d 420, 422 (1942) (quoting 16 C.J. 453)."

<u>V.G.J. v. Tuscaloosa Cnty. Dep't of Hum. Res.</u>, 368 So. 3d 886, 892 (Ala. Civ. App. 2022).

7

In D.A. v. Calhoun County Department of Human Resources, 976 So. 2d 502 (Ala. Civ. App. 2007), this court rejected D.A.'s argument that the juvenile court erred in denying his motion for a continuance, which was based on his assertion that a snowstorm had prevented him from attending the trial. This court stated that "the juvenile court could properly have determined that the father failed to provide a good cause for continuing the proceeding again in light of the juvenile court's previous experience with the father and the children's need for stability and permanency." D.A., 976 So. 2d at 504.

Here, the mother's attorney did not represent that she had even spoken to the mother to ascertain a reason for the mother's absence. She based her motion for continuance on likely transportation problems given the mother's past difficulties with transportation. Therefore, we conclude that the explanation of the mother in this case was weaker than the argument made in D.A.

Because of the absence of a concrete explanation for the mother's absence from the trial, we cannot conclude that the juvenile court "'"committed a clear or palpable error, without the correction of which manifest injustice will be done."'" V.G.J., 368 So. 3d at 892 (quoting

8

Clayton, 244 Ala. at 12, 13 So. 2d at 422, quoting in turn 16 C.J. 453).

Therefore, the juvenile court did not exceed its discretion in denying the

motion for a continuance.

## Conclusion

Based on the foregoing, the juvenile court's judgment terminating

the mother's parental rights is affirmed.

AFFIRMED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.