Rel: June 27, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-1022

_____

### C.C.

### v.

### Madison County Department of Human Resources

### Appeal from Madison Juvenile Court
### (JU-21-602.02)

EDWARDS, Judge.

On August 6, 2024, the Madison County Department of Human Resources ("DHR") filed in the Madison Juvenile Court ("the juvenile court") a petition seeking to terminate the parental rights of X.S. ("the mother") and C.C. ("the father") to their child, Xi.S ("the child"). In that

petition, DHR alleged, among other things, that the father was incarcerated in a Texas penitentiary. On August 21, 2024, the juvenile court set the termination-of-parental-rights trial for November 19, 2024. On September 4, 2024, DHR filed a motion seeking an order permitting it to serve the mother and the father by publication, which the juvenile court granted.[1]

The record contains a handwritten letter from the father, dated September 20, 2024, in which he states that he received a "letter from here" regarding the child. The letter bears no date stamp. On October 31, 2024, the clerk filed the father's answer to the termination-of-parental-rights petition, which had been mailed from a Texas prison on October 16, 2024. In his answer, the father states that he is indigent and requests that counsel be appointed to represent him. On November 15,

---

[1]We note that the publication order required that the notice be published in only a Madison County publication and not in a publication in the county of the last known address of the father, which the record indicates was Jefferson County, Texas. See Ala. Code 1975, § 12-15-318(d).

2024, the clerk filed additional motions from the father, including a motion in which the father again asserts his right to appointed counsel.[2]

On November 19, 2024, shortly before the time that the termination-of-parental-rights trial was to commence, the juvenile court appointed Rodney Wells to serve as the father's counsel.[3] The juvenile court stated on the record that, because of an issue with the schedule of the court reporter, the juvenile court intended to take only the testimony of the mother, who was consenting to the termination of her parental rights, and to resume the trial regarding the termination of the father's parental rights on November 22, 2024. When trial commenced on November 22, 2024, Wells requested that the trial be continued so that he could prepare for trial and provide his client adequate representation, explaining that the case involved a termination of parental rights; that he had been appointed only three days before; that he had not received or reviewed any exhibits or evidence that DHR might have; and that he

---

[2]The record does not contain the envelope in which that motion was mailed, and the motion is undated. A separate motion filed on November 15, 2024, by the clerk bears the notation "10 of 20 2024."

[3]In the transcript, Wells states that he had been appointed "five, ten, fifteen minutes before court was supposed to start."

had managed to make contact with two relatives of the father, one of whom did not speak English, but that he was unable to arrange for them to attend the trial in the short span of time between his appointment and the trial. Counsel for DHR objected to the continuance, citing the need for permanency for the child and the father's "tardy" request for counsel. The child's guardian ad litem objected to the continuance for similar reasons. The juvenile court denied the requested continuance, and the trial commenced.

At the conclusion of the trial on November 22, 2024, the juvenile court announced that the mother's and the father's parental rights would be terminated. Wells stated on the record that he would file a notice of appeal, a motion to withdraw from representation, and a motion for the appointment of replacement counsel. On December 2, 2024, the juvenile court entered an order appointing Wells as counsel for the father "effective November 19, 2024." On December 6, 2024, Wells filed a singular filing that served as a notice of appeal, a motion to withdraw from representation, and a motion for the appointment of counsel to

4

represent the father on appeal.[4]  The juvenile court entered a written judgment terminating the father's parental rights on January 8, 2025. On January 16, 2025, the juvenile court appointed appellate counsel for the father.  The father's appellate counsel filed a postjudgment motion on January 17, 2025, which the juvenile court denied on January 21, 2025, after which the father's notice of appeal became effective.[5]  See Rule 4(a)(5), Ala. R. App. P. (stating that "[a] notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions … shall be held in abeyance until all post-judgment motions … are ruled upon").

The father presents a singular argument on appeal -- that the juvenile court erred in denying the motion for a continuance of the termination-of-parental-rights trial.

---

[4]The father's notice of appeal was prematurely filed, but, pursuant to Rule 4(a)(4), Ala. R. App. P., "[a] notice of appeal after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof," subject, of course, to further abeyance of the notice of appeal pending the filing and resolution of any postjudgment motions.  See Rule 4(a)(5), Ala. R. App. P.

[5]The mother, who, as noted, consented to the termination of her parental rights, did not appeal.

"A juvenile court exercises judicial discretion when ruling on a motion for a continuance, and its decision to deny a motion to continue may be reversed only upon a determination by the appellate court that the juvenile court abused its discretion. See C.O. v. Jefferson Cnty. Dep't of Hum. Res., 206 So. 3d 621, 630 (Ala. Civ. App. 2016). A court abuses its discretion when '"it has committed a clear or palpable error, without the correction of which manifest injustice will be done."' Clayton v. State, 244 Ala. 10, 12, 13 So. 2d 420, 422 (1942) (quoting 16 C.J. [Criminal Law § 822, p.] 453 [(1918)])."

V.G.J. v. Tuscaloosa Cnty. Dep't of Hum. Res., 368 So. 3d 886, 892 (Ala. Civ. App. 2022).

We have stated that, "[a]t a minimum, due process requires that the permanent severance of the relationship between a parent and his or her natural child through termination of parental rights can be achieved only through 'fundamentally fair procedures.'" V.G.J., 368 So. 3d at 890 (quoting Santosky v. Kramer, 455 U.S. 745, 754 (1982)). Without question, "[a]n indigent parent facing the termination of his parental rights is entitled to the appointment of counsel." J.A.H. v. Calhoun Cnty. Dep't of Hum. Res., 846 So. 2d 1093, 1095 (Ala. Civ. App. 2002) (citing Ala. Code 1975, former § 12-15-63, the precursor to Ala. Code 1975, § 12-15-305(b)); see also Ala. Code 1975, § 12-15-305(b). Alabama law specifically provides that, "[i]n … termination of parental rights cases,

the respondent parent … shall be informed of his or her right to be represented by counsel and … counsel shall be appointed where the respondent parent … is unable for financial reasons to retain his or her own counsel." § 12-15-305(b). The fact that the right of an indigent parent to be represented by legal counsel includes the right that such counsel be effective is not novel or new. Ex parte E.D., 777 So. 2d 113, 115 (Ala. 2000) (quoting Crews v. Houston Cnty. Dep't of Pensions & Sec., 358 So. 2d 451, 455 (Ala. Civ. App. 1978)) ("'[I]nherent [in] a parent's right to legal representation in a [child-]deprivation hearing is the right to effective assistance of counsel.'"); A.S.H. v. State Dep't of Hum. Res., 991 So. 2d 755, 757 (Ala. Civ. App. 2008) (quoting D.A. v. Calhoun Cnty. Dep't of Hum. Res., 976 So. 2d 502, 505 (Ala. Civ. App. 2007) ("'Inherent in [an indigent parent's] right to legal representation is the right to effective assistance of counsel.'").

The record demonstrates that the father requested an attorney in his answer to the termination-of-parental-rights petition, which the clerk's office received and filed on October 31, 2024, 19 days before the date of the trial setting. Yet the juvenile court took no steps to appoint counsel for the father until the date of the initial trial setting on

7

November 19, 2024, only minutes before the time for the commencement of the trial, which was then postponed for three days because of the lack of availability of the court reporter. As Wells pointed out when he made his oral motion for a continuance, he had had only three days to prepare for a trial involving the fundamental right to the custody of the child held by his client, who was incarcerated in another state's prison system. Wells had not spoken to the father or had an opportunity to review DHR's case file, which, based on the information contained in the record, DHR began compiling in June 2021, when the mother tested positive for THC at the time of the birth of a younger sibling of the child. When he requested the continuance, Wells expressed his concern that he could not adequately represent the father because he had not been able to prepare for the trial in any meaningful manner.

The present case is quite similar to V.G.J. Although V.G.J. involved a request for a continuance so that the attorney for V.G.J. could secure an interpreter for his client so that he could "'have a meaningful dialogue and preparation with him before the case [was] tried,'" 368 So. 3d at 892, that difference is quite without distinction. At their heart, both the request for a continuance in V.G.J. and the request for a continuance

8

made by Wells in the present case involve the right of an indigent parent to have counsel who has had the opportunity to reasonably prepare himself or herself for a termination-of-parental-rights trial. The record reflects that Wells lacked that opportunity.

Like DHR in the present case, the Tuscaloosa County Department of Human Resources "objected to the requested continuance [in V.G.J.] … on the ground that the continuance would delay the permanency of the children who had been in foster care for over three years at that time." 368 So. 3d at 892. As we explained in our opinion reversing the judgment terminating the father's parental rights in V.G.J., "[a]lthough it is certainly a valid concern, permanency for a dependent child cannot be achieved through the sacrifice of a parent's right to effective assistance of counsel in a termination-of-parental-rights proceeding." Id. The father in the present case timely requested counsel, and he was entitled to effective assistance of counsel, not the mere presence of counsel who was not only unfamiliar with the case but also had not been able to discuss the case with the father, his new client.

Under the circumstances here presented, we conclude that the juvenile court abused its discretion in denying the motion to continue the

9

termination-of-parental-rights trial. That is, the juvenile court ""'"committed a clear or palpable error, without the correction of which manifest injustice will be done."'" V.G.J., 368 So. 3d at 892 (quoting Clayton v. State, 244 Ala. 10, 12, 13 So. 2d 420, 422 (1942), quoting in turn 16 C.J. [Criminal Law § 822, p.] 453 [(1918)]). Accordingly, we reverse the judgment terminating the father's parental rights, and we remand the cause with instructions that the juvenile court hold a new trial after appropriate notice to the father and his appointed counsel.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.